DROVERS' NATIONAL BANK v. POTVIN.

1. PROMISSORY NOTES—FRAUDULENT INCEPTION—GOOD-FAITH PURCHASER.

The mere fact that a bank had represented in writing that a certain company was, in its opinion, reliable, has, of itself, no tendency to show that it was not a good-faith purchaser of a note fraudulently obtained by an agent of such company from one to whom the recommendation was exhibited.

2. SAME—EVIDENCE—PRIMA FACIE CASE.

The testimony of the cashier of a bank that he had purchased, as agent for the bank, for value and before maturity, from the payee, a note which the latter had fraudulently obtained; that he had no notice of the fraud; and that the bank had no committee or agent in the matter except himself,—is a sufficient *prima facie* showing of the bank's good faith.

3. SAME—UNDISPUTED TESTIMONY—DIRECTION OF VERDICT.

The direction of a verdict for the plaintiff in an action on a note purchased by it is proper where the only question is as to the good faith of the purchase, and there is *prima facie* evidence of good faith, which is undisputed.

Error to Alpena; Kelley, J. Submitted February 2, 1898. Decided March 29, 1898.

*Assumpsit* by the Drovers' National Bank against Oliver Potvin on a promissory note. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*J. D. Turnbull* and *James McNamara*, for appellan..

*Joseph H. Cobb*, for appellee.

MONTGOMERY, J. The plaintiff recovered, by direction of the court, a verdict of $101, being the amount of principal and interest of a note of $85, made by defendant May 31, 1894, due December 1, 1894, payable to the Chi-

cago Supply Company, and indorsed without recourse by the Chicago Supply Company, by G. M. Maibe, treasurer. It was conceded at the trial by plaintiff's counsel that the note was obtained of the defendant by means of a fraud practiced upon him by the agent of the payee.

The only question for determination is whether the testimony offered by the plaintiff shows it to be a good-faith purchaser. The plaintiff offered the testimony of its cashier, taken by deposition. He testified that the note in suit was purchased before maturity at the price of $72.50, and that the bank had no notice that the maker had any defense, or that there had been a fraud perpetrated upon him by the payee. It appeared upon the cross-examination of this witness that, before the note in suit was procured of the maker, one Burton, a liveryman at Alpena, had been requested by an agent of the Chicago Supply Company to accompany him through the country and assist in procuring orders for goods. He telegraphed the plaintiff, asking if the Chicago Supply Company was a reliable firm, and whether contracts made by the company or its representative could be relied on. Plaintiff replied, "They do business with us, and we consider them responsible and reliable in every way." Defendant offered to show that these representations were exhibited to parties with whom the agent of the supply company dealt.

It was claimed that this testimony connected the plaintiff with the fraud, or, at least, tended to show that it was not a good-faith purchaser. There is, however, no evidence to show that the plaintiff or its officers knew that the supply company was engaged in a fraudulent business. On the contrary, the cashier testified that the supply company was considered a reliable and honorable concern. This testimony was not disputed, except by the fact that a fraud was perpetrated upon the defendant. We think that the circuit judge was right in holding that the fact in itself did not tend to contradict the positive testimony of the plaintiff's witness.

It is also claimed that, as all the bank officers were not

called, there was failure to show want of notice of the fraudulent character of the original transaction; but the cashier testified that the bank had no committee or agent to transact business on this loan except himself, and, while he could not know, except by hearsay, that the other officers or agents of the bank were uninformed as to the fraud, the fact that he, who acted for the bank, had no knowledge of any infirmity in the security, was sufficient *prima facie. Rosemond* v. *Graham*, 54 Minn. 323 (40 Am. St. Rep. 336).

When the testimony of *bona fides* is thus undisputed, it is proper for the court to direct the verdict. *Borden* v. *Clark*, 26 Mich. 410.

Judgment affirmed.

The other Justices concurred.