### SHAW, KENDALL & CO. *v.* BROWN.

1. PARTNERSHIP ASSOCIATIONS—BILLS AND NOTES—NAMES.
    2 Comp. Laws, § 6081, requiring partnership associations to use their full names in promissory notes, has no application to a note made to, and not by, such an association.

2. SAME—INDORSEMENT.
    By 2 Comp. Laws, § 4870, notes payable to fictitious persons are made of the same effect as if payable to bearer. In an action on a note given to, and indorsed to plaintiff by, a partnership association in other than its true name, *held*, that the variance was immaterial, as the indorsement was either effective or unnecessary to pass the title.

3. SAME—LIMITED LIABILITY.
    2 Comp. Laws, § 6083, declares that no liability shall be created on the part of a partnership association for an amount exceeding $500, unless reduced to writing and signed by two managers. *Held*, that the transfer by indorsement of notes belonging to such an association, in payment of a valid claim against it, was not the incurring of a liability in such sense as would prevent the indorsee from taking title to the notes.

4. BILLS AND NOTES—BONA FIDE HOLDER—ORDER OF PROOF.
    Where, in an action by a transferee of a promissory note

plaintiff, at the outset, makes a *prima facie* case of *bona fide* holding, it is not error to exclude evidence of fraud in the inception of the note, or want of consideration therefor, until such *prima facie* case has been attacked by competent evidence.

Error to Wayne; Rohnert, J. Submitted October 11, 1901. Decided November 4, 1901.

*Assumpsit* by the Shaw, Kendall & Company against Mason L. Brown on certain promissory notes. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Charles C. Stewart*, for appellant.

*Palmer & Palmer*, for appellee.

HOOKER, J. The plaintiff's action is based upon two promissory notes made by the defendant, payable to the Wolverine Oil & Gas Company, Limited. They bear the indorsement of the Wolverine Oil & Gas Company, Limited. A writ of error has been taken by the defendant, against whom a judgment was rendered in the circuit court.

The evidence indicates that the plaintiff sold to the Wolverine Oil & Gas Company of Detroit, Mich., Limited, from time to time, supplies for use in the latter's business. The company being in need of funds, its stockholders undertook to raise an amount of money for it; and defendant gave the notes in question for his proportionate share, he being a stockholder. It is noticeable that the words "Detroit, Mich.," are omitted from the name of the payee in the notes; but it appears that these words are omitted in its certificates of stock, and it was commonly known by the name used in the notes, and it indorsed them in that name. The testimony of the plaintiff shows that these notes were given to the plaintiff in payment of its claim by the proper officers of the company, and were received in payment therefor, before maturity.

Upon the trial defendant claimed that the notes were procured through misrepresentation and fraud by the Wolverine Company, and offered testimony to prove it. He also sought to show that defendant received no consideration whatever for the notes. This testimony was excluded upon the ground that it was not competent until some evidence had been given tending to show that the plaintiff was not a *bona fide* holder of the paper. The defendant alleges error upon this ruling. He also asserts that the misnomer of the Wolverine Company made the notes nonnegotiable, and that, if not, the indorsement did not convey title, because not indorsed in the company's true name. Error is also alleged upon the ground that plaintiff had no valid claim against the Wolverine Company.

The notes in question were made to the Wolverine Company in the name in which it saw fit to do business. Section 6081 of the statute (2 Comp. Laws) is cited as authority to the point that the full name is required in its promissory notes. Plainly, it is not applicable, having reference only to papers made by it; and we do not mean to intimate that *such* would be void.

To the claim that the notes were made payable to a fictitious person, and therefore not negotiable, the statute (2 Comp. Laws, § 4870), which makes such notes the same as though made to bearer, is an answer. The defendant delivered them to the Wolverine Oil & Gas Company of Detroit, Mich., Limited, and that company became the owner of them. The indorsement is either effective or unnecessary to pass title to the notes to the plaintiff.

The claim that plaintiff did not pay value, because it had no valid claim against the company, is based on a statute (2 Comp. Laws, § 6083) which reads:

"No debt shall be contracted nor liability incurred for said association except by one or more of said managers, and no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind

the said association unless reduced to writing and signed by at least two managers."

The debt for which these notes were given to plaintiff was the result of a running account. The aggregate exceeded $500, but there is testimony that indicates that each of the items going to make up the amount was under $500. The transfer of the notes was not the incurring of a liability, but paying it. It may be said that the indorsement created a liability, if valid. But the indorsement may be effective to pay the debt, and ineffective to create a liability as indorser, like an indorsement "without recourse." Certainly the delivery of the property of the company to pay a valid debt is not within the letter of the statute. The case is unlike *Citizens' Sav. Bank* v. *Vaughan*, 115 Mich. 157 (73 N. W. 143).

It was within the discretion of the court to exclude proof of fraud and want of consideration until plaintiff's *prima facie* proof of *bona fides* was contradicted by sufficient testimony to raise a question for the jury. *Drovers' Nat. Bank* v. *Blue*, 110 Mich. 31 (67 N. W. 1105, 64 Am. St. Rep. 327); *Drovers' Nat. Bank* v. *Potvin*, 116 Mich. 474 (74 N. W. 724).

We discover no error in the record, and the judgment is affirmed.

Montgomery, C. J., Moore and Long, JJ., concurred. Grant, J., did not sit.