MERCANTILE DISCOUNT CORP. *v.* HENDERSON MILLING CO.

1. BILLS AND NOTES—NOTICE OF INFIRMITY—BURDEN OF PROOF.
   Purchaser of note having notice that seller had no right to dispose of it until maker had received value therefor has burden of showing that it was holder in due course (2 Comp. Laws 1929, § 9301).

2. SAME—HOLDER IN DUE COURSE.
   In action on note by purchaser, evidence *held*, sufficient to show that it was not holder in due course.

3. SAME—ADMISSION OF LIABILITY.

 Failure of maker of note to answer letter from purchaser inform-
    ing maker of purchase may not be said to be admission of lia-
    bility on its part, in view of information acquired by purchaser
    before purchase that seller had no right to dispose of note
    until maker had received value therefor.

Appeal from Kent; Brown (William B.), J. Sub-
mitted April 22, 1932. (Docket No. 171, Calendar
No. 36,477.) Decided June 6, 1932.

Assumpsit by Mercantile Discount Corporation,
an Illinois corporation, against Henderson Milling
Company, a corporation, and another on a prom-
issory note. Judgment for defendant Henderson
Milling Company. Plaintiff appeals. Affirmed.

*Max Kahn* (*Leonard V. Pylkas,* of counsel), for
plaintiff.

*Dunham, Taylor & Allaben,* for defendant Hen-
derson Milling Company.

SHARPE, J. The plaintiff is engaged in the pur-
chase of negotiable instruments and securities. Its
principal place of business is in the city of Chicago.
It also has an office in the city of Detroit. This ac-
tion is brought to recover on a promissory note for
$5,817, executed by "Henderson Milling Co.—Bert
Henderson, Sec. & Treas.," payable to the order of
Kunkel Manufacturing Company at the Grand
Rapids Savings Bank. It was dated July 8, 1930,
and payable four months thereafter, with interest
at 6 per cent. It was indorsed, "Kunkel Man-
ufacturing Co.—Bert Kunkel, Pres." This com-
pany, while named as a defendant in the declaration,
did not appear in the case. Among the defenses set
forth in the answer was the claim that the defendant

had received no value for the note, and that the plaintiff was not a holder thereof in due course. The trial court so found, and entered a judgment for the defendant, from which the plaintiff has appealed.

It appears that the defendant, engaged in business at Grand Rapids, on July 17, 1930, executed and turned over to White & Company, "a commercial paper broker" in Detroit, a number of its promissory notes, including the one here in suit, for which it was to receive other notes acceptable to it. The names of the payees in these notes were left blank. On the next day, White & Company sent to defendant a number of notes, executed by F. K. Brown Co., which it had taken in a like deal from Kunkel Manufacturing Company, in satisfaction thereof. Defendant refused to accept these notes, and so notified White & Company. Some correspondence followed, in which White & Company assured defendant that this note would be returned by the Kunkel Manufacturing Company, to whom it had been delivered.

Mr. White testified that on August 1, 1930, George Betzold, the assistant vice-president of the plaintiff and the manager of its Detroit office, called him on the telephone and told him that he had received several notes from Kunkel and "wanted to verify the fact that those notes which he had received were negotiated through me before he discounted them or paid on them;" that, on being informed that the note in question was one of them, he told Betzold that it did not belong to Kunkel, and that he (Kunkel) had agreed to return it; that he told him that—

"the Henderson Milling Company had not received value as yet that was satisfactory to them, that Mr. Kunkel had no right to negotiate that note until

Henderson was satisfied with the value that he was getting.''

He refreshed his recollection of this conversation and the date of it by an annotation made by him on ''a daily reminder'' kept by him, which he produced and which was put in evidence.

Betzold denied that any such conversation was ever had with White. He testified that he met Kunkel at a hotel in Detroit, and that Kunkel told him that he had sold equipment to the defendant and different companies, and wanted to discount the notes he had received; that, as a result thereof, a written contract was executed by the Kunkel Manufacturing Company by Bert Kunkel, president, and the plaintiff, whereby the plaintiff agreed to purchase such notes as were acceptable to it and guaranteed by the Kunkel company and pay 90 per cent. of the face value thereof, the balance of 10 per cent. to be paid when the notes were paid in full. The plaintiff was to receive a discount stated therein. This contract was accepted by the plaintiff by A. H. Rosenberg, its vice-president, under date of July 18, 1930.

Samuel J. Rosenfeld, an employee of plaintiff, testified that Kunkel called at its office in Chicago, and that the contract was executed in his presence; that negotiations were had for the purchase of negotiable paper, including the note in question, in which the Kunkel Manufacturing Company was named as payee; that, before making the purchase, plaintiff secured a report of defendant's responsibility from R. G. Dun & Company; that it sent a message of inquiry by wire to the Grand Rapids Savings Bank, and received a favorable reply. This message was dated July 31, 1930, and the answer the day thereafter. He further testified that on July 26th a

registered letter was sent by plaintiff to defendant, informing it that the plaintiff had purchased the note in question, and a return card received; that plaintiff afterwards sent a letter to defendant on August 6, 1930, again informing it of such purchase; that no reply to either of these letters was received by it, and that the note ''was handled in the regular course of business.''

On cross-examination he testified that the plaintiff bought several notes from Kunkel, paying him ''probably $15,000 or $16,000;'' that he did not remember the exact date of such purchase; ''our records would show on or about July 24 or 25, 1930;'' that plaintiff did not get the report from R. G. Dun & Company until August 4, 1930. On being pressed to fix the date of purchase, he stated, ''I think it was after we received an answer from the bank,'' and ''I say between July 24th and August 1st.''

We have read the testimony of White with much care. He was cross-examined at length by counsel for the plaintiff. The trial court found the fact to be that such a conversation was had, and in our opinion such a finding was warranted.

It clearly appears that White & Company had no right to dispose of this note until the defendant had received value therefor. This fact having come to the knowledge of plaintiff through Betzold, its assistant vice-president, the burden of proof was cast upon it to show that it was a holder in due course; that it had purchased it in good faith and for value before the notice of the infirmity of Kunkel's title was communicated to Betzold. 2 Comp. Laws 1929, § 9301; *Case* v. *City National Bank,* 240 Mich. 419.

It is apparent that plaintiff had not purchased this note on July 26th, when it wrote defendant that it had done so. The exact date might easily have been shown by the production of its books or the

check given Kunkel in payment thereof. We are satisfied, as was the trial court, that it was not purchased until after the plaintiff had received the report from R. G. Dun & Company on August 4th. It was not, therefore, a holder in due course and entitled to recover thereon.

The neglect of the defendant to reply to the letter of plaintiff of July 26th is adverted to by counsel. Defendant's explanation is that it was relying on the assurance of White & Company that the note would be returned to it, and that it did not want to embarrass Kunkel in his dealings with plaintiff. The ends sought to be accomplished by defendant are not to be commended, but its failure to answer plaintiff's letter cannot be said to be an admission of liability on its part in view of the information acquired by the plaintiff in the conversation between White and Betzold.

The conclusion thus reached renders it unnecessary to consider the other interesting questions discussed by counsel.

The judgment is affirmed.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.