J. B. COLT CO. *v.* COUSINO.

1. FRAUD — WRITTEN CONTRACTS—PROMISES—BONA FIDES—PLEADING.

   In an action upon a written contract for the purchase price of a carbide lighting plant, the defense that defendant was induced to sign said contract by fraudulent misrepresentations of defendant's agent was not available

On the question of future promise as fraud, see notes in 10 L. R. A. (N. S.) 640; 24 L. R. A. (N. S.) 735.

where it appears that defendant understood the contract perfectly and the representations relied upon were not of existing facts but were promissory in their character, and defendant makes no claim in his plea that they were not made in good faith, or were made with no intention to carry them out, or as part of a fraudulent scheme.

2. Appeal and Error—Where Motion for Directed Verdict Not Taken Under Advisement New Trial Granted.

Although, under the pleadings, plaintiff was entitled to a directed verdict, in an action upon a written contract, where its motion therefor was not taken under advisement as provided for in 3 Comp. Laws 1915, § 14568, the Supreme Court, in reversing a judgment for defendant, must grant a new trial.

3. Fraud—Written Contracts—Failure to File Affidavit Denying Signature—Circuit Court Rule.

The failure of defendant to file an affidavit denying his signature to a written contract would not preclude him from making the defense that his signature thereto had been procured by a fraudulent representation, notwithstanding Circuit Court Rule No. 33.

4. Same—Evidence—Parol Evidence Rule.

Proof tending to show that the execution of a written contract was procured by fraudulent representations is not a violation of the parol evidence rule, since the purpose is not to vary or modify the terms of the writing, but to show that by reason of the fraud no binding contract was ever made.

5. Same—Estoppel.

Notwithstanding a statement in a written contract for the purchase of a carbide lighting plant that it covers all the agreements between the purchaser and the seller, and that no agent of the latter has made any statements modifying the terms and conditions therein set forth, the purchaser is not thereby estopped from claiming that his signature thereto was fraudulently obtained.

Error to Monroe; Root (Jesse H.), J.     Submitted January 10, 1924.     (Docket No. 45.)     Decided April 10, 1924.

Assumpsit by the J. B. Colt Company against Lawson Cousino for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Reversed.

*Lawhead & Kenney,* for appellant.

*Oliver J. Golden,* for appellee.

SHARPE, J. On October 20, 1918, plaintiff's salesman, Mr. Roper, solicited defendant, a farmer in Monroe county, to purchase a carbide lighting system. After some negotiations, defendant agreed to make the purchase. Defendant, his wife and a neighbor whom Roper had "go around with him selling lighting plants," all testify that Roper agreed that defendant might pay for the plant at the rate of $50 per year and that the plaintiff would accept Liberty bonds, "dollar for dollar," in payment therefor. When Roper presented the order to defendant for his signature, he read it over and understood it perfectly. He discovered that it provided for payment in—

"Cash one year from date of shipment. In case date of payment is extended beyond sixty days from date of shipment, the purchaser agrees to execute and deliver to the company at its request, notes for the amounts aforesaid, payable one year after maturity from date of shipment, with interest."

This provision was printed in the order. We quote from his testimony:

"I asked him what about the conditions that I was to have, of paying fifty ($50.00) dollars per year and the company accepting Liberty bonds and the installation of the plant within sixty (60) days. Mr. Roper stated that he was in an awful hurry to get to Toledo, and that if I would let him get to Toledo, he would write those conditions in the contract and fix everything in good shape; that he would be back to Cleophus Cousino's place within a few days and bring me a copy of the contract. I asked him how his company

could do business in that way and he said that his company was worth a million ($1,000,000.00) dollars and that all they cared for was interest on their money. Mr. Roper said that everything would be all right."

The order was sent by Roper to plaintiff in New York. Acceptance was noted by an officer of plaintiff on October 24th. The plant was shipped to defendant and received by him on December 10th. He paid the freight and stored it. It is yet in his possession, although he has frequently requested plaintiff to remove it.

On February 15, 1919, plaintiff wrote defendant, requesting payment or the giving of the notes provided for in the order as signed. Defendant refused to carry out the contract except as agreed with Roper. This action is brought to recover the purchase price. The trial court submitted the case to the jury under instructions that, if defendant was induced to sign the order by the "fraud and misrepresentation" of Roper, plaintiff might not recover. The jury found for defendant, allowing him by way of recoupment the freight paid by him, and judgment was entered therefor.

There are several assignments of error. Counsel on both sides have ably discussed the question whether such a promise can be made the basis of a claim of fraudulent representation. There is no question about the general rule applying to promises made contemporaneously with the execution of a contract. It is thus stated:

"The false representation must be of a fact, as distinguished from statements, such as opinions and promises which are not facts." 1 Page on Contracts, § 290.

"A promise to do an act in the future may or may not be a contract for the breach of which damages

can be recovered but mere non-performance is not fraud." 1 Page on Contracts, § 295.

"Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud." *Boston Piano & Music Co.* v. *Clothing Co.,* 199 Mich. 141, 147.

Many cases are there cited in support of the rule, and the text from 12 R. C. L. p. 254, wherein it is clearly stated, is quoted.

This court has recognized an exception to the rule where the promise is made for the purpose of securing the execution of the instrument and without a then existing intention on the part of the promisor to keep it. *Laing* v. *McKee,* 13 Mich. 124 (87 Am. Dec. 738) ; *Crowley* v. *Langdon,* 127 Mich. 51, 58. This exception was not overlooked in *Boston Piano & Music Co.* v. *Clothing Co., supra.* It was there said:

"The so-called misrepresentations found under group (*a*) are promissory in their character, and are not statements of existing material facts, nor is there any claim in the pleadings that they were not made in good faith, or with no intention to carry them out, or a part of a fraudulent scheme, nor was the case submitted upon any such theory."

See, also, *Mishler* v. *Harvester Co.,* 188 Mich. 104.

Many courts, however, have declined to recognize this exception. The subject is discussed at length in *Cerny* v. *Paxton & Gallagher Co.,* 10 L. R. A. (N. S.) 640 (78 Neb. 134, 110 N. W. 882), and the note thereto. See, also, 1 Page on Contracts, §§ 296, 298; 12 R. C. L. p. 257; 26 C. J. p. 1087; *Miller* v. *Sutliff,* 24 L. R. A. (N. S.) 735 (241 Ill. 521, 89 N. E. 651).

There was no averment in the notice attached to the plea or proof offered to bring the promise here made within the exception. Under the record, as presented, the jury should not have been permitted to find that

the defendant's signature to the instrument was procured by fraud or misrepresentation.

As plaintiff's motion to direct a verdict was not taken under advisement, as provided for in the Empson act (3 Comp. Laws 1915, § 14568), a new trial must be granted.    We therefore consider the other assignments which are deemed material.

The failure of defendant to file an affidavit denying his signature to the writing would not preclude him from making the defense that his signature thereto had been procured by a fraudulent representation. Circuit Court Rule No. 33 should not be so construed. There is no uncertainty in the language used.    What was said in the cases relied on by plaintiff (*Ensign* v. *Fogg,* 177 Mich. 317, and cases there cited) must be considered in the light of the claims there made and the proof offered.

Proof tending to show that the execution of the instrument was procured by fraudulent representations is not a violation of the parol evidence rule.    The purpose is not to vary or modify the terms of the writing, but to show that by reason of the fraud no binding contract was ever made.

"The so-called parol evidence rule has no application to extrinsic evidence when used to attack the validity of the contract."    1 Page on Contracts, § 286.

See, also, *J. B. Millett Co.* v. *Andrews,* 175 Mich. 350.

The order signed by defendant was on a printed form.    A part thereof read:

"It being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding to the terms and conditions herein set forth."

It is urged that defendant by his signature thereto

was estopped from asserting the claim here made by him. This court has repeatedly held otherwise. *J. B. Colt Co.* v. *Reade*, 221 Mich. 92, and cases cited.

The judgment is reversed, with costs to appellant, and a new trial ordered.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.