AL FELDMAN *vs.* JULIUS P. WITMARK & another.

Suffolk.   January 19, 1926. — January 22, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Deceit. False Representation,* Of intention. *Fraud. Pleading, Civil,*
Declaration.

Material allegations in a count in tort in the declaration in an action at
law were that "the defendant with fraudulent intent and to induce the
plaintiff, falsely and fraudulently represented to the plaintiff that he
would and intended to print, publish, advertise and market a certain
song, that the plaintiff had a copyright on, and pay the plaintiff large
sums of money as royalties on said song; that as a result of said false
and fraudulent representations the plaintiff relying upon them, trans-
ferred and released his rights to said song and copyright and property
connected therewith to the defendant; that the defendant did not in-
tend to print, publish, advertise or market the said song"; with further
allegations as to the real purpose of the defendants and consequent
damage to the plaintiff.   Upon a demurrer by the defendant, it was
*held,* that
(1)  A cause of action in deceit was set out;
(2)  The statement of fact as to present intention of the defendant,
being susceptible of actual knowledge and being a fact alleged to have
been false, might be made the foundation of an action for deceit;
(3)  While possibly the declaration might have been abbreviated and
clarified somewhat, it could not rightly be said that it did not set forth
concisely with substantial certainty the substantive facts necessary to
constitute a cause of action in tort;
(4)   The allegation of fraud was sufficiently specific.
Where the declaration in an action of contract or tort contains two counts,
one in contract and one in tort, there should also be an allegation that
the two counts are for the same cause of action and are joined because
of doubt regarding the division to which the cause of action belongs.

CONTRACT OR TORT.   Writ dated April 11, 1921.

The declaration originally filed in the Superior Court
contained one count only, based upon an alleged breach by
the defendants of a contract in writing.   By leave of court,
the plaintiff was allowed to amend the declaration by adding
a second count, which is described in the opinion.   In the
Superior Court, the defendants demurred on the following
grounds: (1) that the matter contained in the second count

was insufficient in law to enable the plaintiff to maintain his action; (2) that that count did "not state a cause of action"; (3) that that count did "not set forth concisely and with sufficient certainty substantive facts to constitute a cause of action."

The demurrer was heard and was sustained by *Morton,* J., who, being of the opinion that the rights of the parties were substantially affected by the order, reported his ruling to this court for determination pending a trial on the merits.

The case was submitted on briefs.

*E. M. Dangel & M. M. Robinson,* for the plaintiff.

*Lee M. Friedman & J. J. Matthews,* for the defendants.

RUGG, C.J.　It is alleged in the second count of the plaintiff's declaration that "the defendant with fraudulent intent and to induce the plaintiff, falsely and fraudulently represented to the plaintiff that he would and intended to print, publish, advertise and market a certain song, that the plaintiff had a copyright on, and pay the plaintiff large sums of money as royalties on said song; that as a result of said false and fraudulent representations the plaintiff relying upon them, transferred and released his rights to said song and copyright and property connected therewith to the defendant; that the defendant did not intend to print, publish, advertise or market the said song" with further allegations as to the real purpose of the defendants and consequent damage to the plaintiff. A cause of action in deceit is set out. The false statement alleged is, that the defendant intended to print, publish, advertise and market, while in fact, at the time, he had no such intention. Present intention as to a future act is a fact. It is susceptible of proof. When such intention does not exist, and the maker of the representation knows it does not exist, it is a misrepresentation of a material fact. *Commonwealth* v. *Walker,* 108 Mass. 309, 312. *Commonwealth* v. *Althause,* 207 Mass. 32, 47. *Comstock* v. *Livingston,* 210 Mass. 581, 583. *Donovan* v. *Clifford,* 225 Mass. 435, 437. *Ciarlo* v. *Ciarlo,* 244 Mass. 453, 456. *Edgington* v. *Fitzmaurice,* 29 Ch. D. 459. *Swift* v. *Rounds,* 19 R. I. 527. The false statements as to the purpose to print and market a copyrighted song and to pay royalties

on sales well might be found to be a material inducement to the sale or transfer of such song. The alleged false statements, if found to have been made, are sufficiently alleged to have been material and are categorically alleged to have been relied upon by the plaintiff; they, therefore, entered into the substance of the contract. The statement of fact as to present intention of the defendant, being susceptible of actual knowledge and being a fact alleged to have been false, may be made the foundation of an action for deceit. *Litchfield* v. *Hutchinson,* 117 Mass. 195. *Weeks* v. *Currier,* 172 Mass. 53, 55. *Bates* v. *Cashman,* 230 Mass. 167, 168.

While possibly the declaration may have been abbreviated and clarified somewhat, it cannot rightly be said that it does not set forth concisely with substantial certainty the substantive facts necessary to constitute a cause of action in tort. It does not offend in this respect the requirements of G. L. c. 231, § 7, cl. 2.

The allegation of fraud is sufficiently specific. It states with positiveness the false representation of the intent of the defendant in the respects already pointed out. It is not open to objection as being mere general and loose epithets of fraud, under the rule in *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. *French* v. *Kemp,* 253 Mass. 75. *Dunn* v. *E. E. Gray Co., ante,* 202.

By the writ the defendant was summoned to answer "in an action of contract or tort." The declaration does not allege that the first count, in contract, and the second count, in tort, are both for one and the same cause of action and are joined because of doubt to which division the cause of action belongs, as provided by G. L. c. 231, § 7, cl. 6. That is not assigned as a cause for demurrer and is not reported by the judge. It is a defect easily curable by amendment.

The ruling that the demurrer be sustained was wrong and is reversed.

*So ordered.*