The defendant Benjamin Geller is a wholesale dealer in boys' pants in New York, and ran two manufacturing shops, one in Main street, the other in Talmadge avenue, Bound Brook. He induced the complainant to buy the Talmadge avenue shop, representing that he wanted to dispose of it so that he could the better attend to the affairs of the other in connection with his wholesale business; that he needed both shops in connection with that business but did not want to bother with the details; that he had employment for both shops, and if the complainant would purchase he would supply him with work of manufacturing pants for one year, during the slow season, November to January, four hundred dozen pairs per week, and after the first of the year six hundred dozen pairs per week. They fixed on a price and the deal was made. The complainant paid down $2,000 in cash and gave notes and a chattel mortgage as security for the balance, $1,625. That was November 17th, 1927. The defendant all the while was planning a larger shop, and immediately after the sale moved into it — one with increased facilities and *Page 146 
greater number of hands, adequate to take care of all his requirements in his New York business, and after a pretense of living up to his agreement by sending the complainant work for three weeks preceding January 6th, 1928, two hundred, three hundred and four hundred dozen pairs, respectively, quit, and the complainant's shop was, conequently, closed down. Upon complainant discovering that he had been tricked, he demanded the return of his money and the surrender of the notes and chattel mortgage, offering back the shop. The defendant had no intention of carrying out his promise; it was intentionally false to deceive the complainant. A representation of an intention is a representation of an existing fact, and, if false, is actionable.Roberts v. James, 83 N.J. Law 492. "To recover," says Lord Bowen in Edgington v. Fitzmaurice, L.R. 29, C.D. 459, "there must be a misstatement of an existing fact, but the state of a man's mind is as much a fact as the state of his digestion. It may be difficult to prove the state of a man's mind at a particular time, but if it can be ascertained it is as much of a fact as anything else. A misrepresentation as to the state of a man's mind is therefore a misstatement of fact."
The defendant sets up by answer, and urges in his brief that the complainant has an adequate remedy at law, citing Krueger
v. Armitage, 58 N.J. Eq. 357. That case is not in point. The bill was for the recovery of money obtained by false pretenses, and Vice-Chancellor Emery dismissed it because the remedy sought was purely pecuniary and legal, holding that the jurisdiction in equity, even if it be concurrent with that of courts of law, will not be exercised where the remedy at law is adequate, certain and complete. Here the complainant seeks more than a money judgment. He prays that the notes and chattel mortgage given in part payment be surrendered. Equity alone can grant the relief.
The complainant is entitled to a decree. *Page 147