## MOTZKUS v. KAMONDY.

1. FRAUD—BURDEN OF PROOF.
   In suit to set aside deed and cancel sale of corporate stock, on ground of fraud, plaintiff has burden of proof.

2. SAME—CANCELLATION OF INSTRUMENTS—EVIDENCE—SUFFICIENCY.
   Where, in suit to set aside deed and cancel sale of corporate stock, on ground of fraud, proof fails to establish actionable fraud, decree of court below dismissing bill was justified.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 13, 1929. (Docket No. 71, Calendar No. 34,313.) Decided October 7, 1929.

Bill by Henry Motzkus against Joseph Kamondy and others to cancel a deed and sale of corporate stock of defendant Gunsberg Packing Company for fraud. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*William H. Shiek,* for plaintiff.

*Benedict H. Lee,* for defendants Kamondy.

*Samuel D. Coburn,* for defendants Louis Gunsberg and Gunsberg Packing Company.

NORTH, C. J. In May, 1919, the plaintiff sold on a land contract to the defendant Kamondy real estate in the city of Detroit. The monthly payments were made promptly until August, 1924, at which time there remained unpaid on the contract $1,425. Kamondy had stock of the par value of $1,000 in the defendant packing company. He had paid $1,000 for

this stock. Each of these men claims that the other took the initiative in urging an arrangement which was consummated between them whereby in satisfaction of the $1,425 unpaid on the land contract, Kamondy transferred his stock to Motzkus at an agreed value of $1,250 and also paid $175 in cash. Motzkus thereupon deeded the real property to Kamondy in performance of the land contract. The plaintiff held this stock upwards of two years without making any complaint and in the meantime accepted the 1925 dividends, amounting to $50, and those of 1926 amounting to $60. It appears at this time the corporation became somewhat less prosperous than it had theretofore been. In September, 1926, plaintiff filed this bill of complaint, wherein he alleges he was induced to thus purchase this stock from Kamondy by the fraudulent representations of Kamondy and the defendant Gunsberg as to its value and also their false representation that "the stock certificate would be retired by the company, and the sum of $1,250 or more paid to your petitioner therefor, within two years." On these grounds plaintiff seeks cancellation of his deed to the defendant Kamondy and his wife and other relief. At the conclusion of plaintiff's proofs, on motions made by the respective defendants, the circuit judge authorized a decree dismissing the bill of complaint. Plaintiff has appealed.

The circuit judge did not set forth in the record his reasons for dismissing the bill; but upon a careful reading of the record and consideration of the briefs filed we are satisfied that he was amply justified in so doing. We will not cumber this opinion with the details of the record. Suffice it to say that no theory is advanced under which the defendant corporation

could possibly be held liable. It had absolutely nothing to do with the transaction excepting to transfer the stock on its records. There is no showing that its president, the defendant Louis Gunsberg, was in any way authorized to represent the corporation in this transaction, or that it had the slightest interest in the deal, or that it directly or indirectly profited thereby.

As to the fraud charged against the defendants, the burden of proof was upon the plaintiff. The circuit judge, who saw the witnesses, evidently concluded that the plaintiff had failed to establish actionable fraud, and in this conclusion we concur. The plaintiff seems to have been entirely content with the transaction for more than two years, during the first of which he received a 5 per cent. dividend, and a 6 per cent. dividend during the second year. We are not impressed with his claim that he was induced to consummate this transaction by the alleged false representations. The defendant Gunsberg is not shown to have benefited in any manner by the transfer of Kamondy's stock to Motzkus. No reason appears why Gunsberg should have aided Kamondy in defrauding the plaintiff. Actionable fraud is not established by the record. *J. B. Colt Co.* v. *Cousino*, 226 Mich. 518. The bill of complaint was properly dismissed, and the decree is affirmed, with costs to the appellees.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.