MILTON RUBENSTEIN *vs.* ECONOMY GROCERY STORES CORPORATION.

Suffolk.    February 2, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Deceit. Evidence,* Presumptions and burden of proof.

The general manager of and person in charge of renting new stores for a corporation developing a chain system of "grocery and creamery stores," after having told the owner of a store numbered 128 on a street in a city in July and again in the latter part of September of a certain year that he was not interested in renting his store and that the owner could not get him "in there with a ten-foot pole," while at the same time he was negotiating for another store at number 154 on

the same street, in October told the owner of the store at number 128 that he then wanted to come into his store, and, after telling him of the expense it would be to his corporation to fix up the store for its occupancy and of the advantage to the owner to have him occupy the store in the block where other stores of the owner were vacant, stated that he wanted "six months' free rent and then a lease" for a year; and on October 18 an agreement in writing was made by which the corporation was allowed to occupy the premises beginning November 1 as a tenant at will with "the option of a lease for a term of one year" at a certain rental, and the right in the lessee to extend the term of the lease for one year periods "for four successive yearly extensions" at a slight advance in rental, and "that the rental for the six months beginning" November 1 "shall be considered 'paid.'"  A few days later the corporation placed signs in the window announcing the opening of the store by it and painted the inside of the store white; but no merchandise ever was placed in the store and on January 3 it notified the owner that it would not occupy the store. In the meantime, on November 21, the corporation had taken a lease of the premises at number 154.  At the trial of an action of tort for deceit by the owner of the store numbered 128 against the corporation, in which the plaintiff contended that the defendant's representative had made to him a representation of present intention to occupy one of the plaintiff's stores which was material, false, and intended to deceive the plaintiff and that the plaintiff relied thereon to his damage, a verdict was ordered for the defendant. *Held*, that, even if the evidence warranted a finding that the defendant's representative made a representation of present intention to occupy the plaintiff's store and gave rise to a suspicion that the intention of the defendant was misrepresented by its representative, it did not warrant a finding that such representation was false; and the verdict rightly was ordered for the defendant.

Mere disbelief of testimony as to facts is not affirmative proof of contrary facts.

CONTRACT OR TORT, with a declaration described in the opinion.  Writ dated January 13, 1928.

In the Superior Court, the action was tried before *Hanify*, J.  Material evidence is described in the opinion.  The judge ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*D. H. Greenberg*, (*L. W. Black* with him,) for the plaintiff.

*A. H. Grauman*, (*L. M. Ring* with him,) for the defendant.

FIELD, J.  The declaration in this action was in two counts, alleged to be for the same cause of action, one in contract for the breach of a written agreement, dated October 18, 1927, the other in tort for deceit.  The count in contract was waived and trial was had upon the count in tort.

A verdict for the defendant was directed and the plaintiff excepted.

The verdict was directed rightly.

There was evidence that, in 1927, the defendant was developing a chain system of "grocery and creamery stores," and evidence of negotiations, beginning in June or July, between the plaintiff and the defendant by Sidney Rabinowitz, its treasurer, general manager, and "the person in charge of renting new stores," in regard to a lease from the plaintiff to the defendant of a store at 128 Harold Street, Roxbury, Massachusetts, in a block of stores owned by the plaintiff. The plaintiff testified that, in October, 1927, he had a talk with Rabinowitz as follows: "Mr. Sidney Rabinowitz said to me that he handles the leases and locations, and . . . He wants to come into the store now, after he couldn't agree with the landlord of the original store . . . he said . . . 'You have six vacant stores. I am going into your block of stores. It will cost us about $2,000 to fix up the store. It is a gamble of course, but when I go into your block of stores it is made. I have had that experience before. As soon as the chain stores move in the block, even if it isn't vacant, it helps it, especially when you have six vacant stores . . .; I want you to do this: I want six months' free rent and then a lease, $45 I believe, a monthly rental for a year's lease.' " As a result of this conversation a written agreement, dated October 18, 1927, was executed by the plaintiff and defendant, whereby the plaintiff agreed "to allow the . . . [defendant] to occupy" the premises in question "for a term of six months, beginning November 1, 1927, as tenants at will" with "the option of a lease for a term of one year" at $45 a month, and the right in the lessee to extend the term of the lease for one year periods "for four successive yearly extensions" at $50 a month, and "that the rental for the six months beginning November 1st, 1927 shall be considered 'paid'" by the defendant to the plaintiff. The plaintiff testified — and his testimony was corroborated by Rabinowitz — that a few days afterward the defendant placed two signs in the window of

the store, " announcing the opening of the store by the defendant, and painted the inside of the store white; but no merchandise was ever placed in the store " and that he (the plaintiff) first received notice from the defendant that it would not occupy the store on January 3, 1928.

The plaintiff's case rests upon the conversation in October, 1927, testified to by the plaintiff, especially the statement of Rabinowitz: " I am going into your block of stores." The plaintiff contends that this was a representation by the defendant of present intention to occupy one of the plaintiff's stores which was material, false, and intended by the defendant to deceive the plaintiff and that the plaintiff relied thereon to his damage. See *Feldman* v. *Witmark,* 254 Mass. 480; *Levey* v. *Higginson,* 266 Mass. 381.

Even if the evidence warranted a finding that Rabinowitz, acting for the defendant, made a representation of present intention to occupy the plaintiff's store, it did not warrant a finding that this representation was false. The only direct evidence of the defendant's intention was the testimony of Rabinowitz. He testified, among other things, that when he signed the agreement he had " an affirmative intention of opening up this store " and that he " first decided that . . . [he] had no intention of going into the store " " Sometime after November 21," 1927. This testimony might have been disbelieved but, of course, " mere disbelief of testimony as to facts is not affirmative proof of contrary facts." *Martell* v. *Dorey,* 235 Mass. 35, 41. *Fitch* v. *Ingalls,* 271 Mass. 121, 127.

The plaintiff, however, contends that it could be inferred from all the circumstances taken together that the representation was false. The evidence in its aspect most favorable to the plaintiff tended to show that in the preceding July Rabinowitz told the plaintiff that he was not interested in the plaintiff's store, and about " the latter part of September, 1927," said to the plaintiff, " Well, you couldn't get me in there with a ten-foot pole," that at about the time the defendant was negotiating for the plaintiff's store it was negotiating also for another store at 154 Harold Street, and that on November 21, 1927, it

took a lease of those premises from the owner. The plaintiff argues from this evidence, and from the fact that the defendant did not " open up the store in the plaintiff's block " between October 18 and November 21, or at any time thereafter, and from the improbability, as he asserts, that the defendant would occupy two stores so near together, that the defendant's intention in July and September not to occupy the plaintiff's store remained unchanged and that the defendant's dominating purpose in making the agreement of October 18 was to obtain more favorable terms from the owner of the other store.

The evidence of the defendant's intention in July and September did not prove that it remained unchanged in October. Rabinowitz testified, in substance, that the two stores would carry the same kind of merchandise but were " in different neighborhoods, although they do have some relation to each other." There was, however, no evidence that it was improbable that the defendant would occupy two stores so near together, and ordinary experience would not warrant such a conclusion without proof. The evidence that the defendant was negotiating for another store, therefore, did not tend to show that it had no intention of occupying the plaintiff's store. The agreement of October 18 did not contemplate occupancy of the plaintiff's store by the defendant before November 1, 1927. Consequently, the defendant's failure to occupy immediately after the execution of the agreement did not show that in October it had no intention of occupying the store later. Nor was the defendant's failure to open up the store after November 1 proof of the existence of a contrary intention in October. The circumstances disclosed by the evidence, taken together, may give rise to a suspicion that the intention of the defendant was misrepresented by Rabinowitz in his statement to the plaintiff, but they do not go far enough to warrant a finding to that effect.

Since proof of the falsity of the alleged representation failed, it is unnecessary to determine whether the plaintiff's proof failed in other particulars.

*Exceptions overruled.*