### CITY INVESTMENT CO. v. ZIMNI.

1. Specific Performance—Principal and Agent—Fraud.

Specific performance should be denied if plaintiff's agent made false representations by which defendants were deceived and induced to execute instrument on which plaintiff relies.

2. Fraud—Fraudulent Promises.

Conduct of real estate broker acting as agent for plaintiff in inducing defendants to execute contract for exchange of real estate by misrepresenting condition of property they were to receive and by promising to destroy contract in case they were not satisfied with property, with no intention of doing as he agreed, constituted actionable fraud.

Appeal from Wayne; Perkins (Willis B.), J., presiding. Submitted June 2, 1931. (Docket No. 45, Calendar No. 35,678.) Decided October 5, 1931.

Bill by City Investment Company, a Michigan corporation, against August A. Zimni and another for specific performance of an option to purchase land. Decree for defendants. Plaintiff appeals. Affirmed.

*Younglove & Chockley,* for plaintiff.

*Paul B. Mayrand,* for defendants.

NORTH, J.  At the solicitation of Frank E. Tighe, a real estate broker, defendants signed a written instrument, wherein they agreed to convey their residence property at 6409 Barlum avenue, Detroit, subject to a $3,000 mortgage, to plaintiff in exchange for a contract under which defendants were to purchase of plaintiff its property at 13358–60 Robson avenue, at a contract price of $8,800 payable in monthly installments.  Plaintiff alleges in its bill of complaint acceptance of defendants' offer, a tender of performance, refusal by defendants, and prays specific performance.  Defendants had a decree and plaintiff has appealed.

The circuit judge held that the instrument signed by defendants was an option and was withdrawn before acceptance; and also that plaintiff did not tender conveyance of a merchantable title.  He did not pass upon the fraud by which defendants allege the broker induced them to sign the instrument which plaintiff seeks to have specifically performed.  Without reviewing the determination of the circuit judge, we will dispose of the case on the ground of the alleged fraud, this being a hearing *de novo*.

The instrument on which plaintiff bases its right to recover recites that the broker was acting "as agent for the seller (plaintiff)."  This must be accepted as true, and consequently if the agent made false representations by which defendants were deceived and induced to execute the instrument on which plaintiff relies, specific performance should be denied.

The defendants were inexperienced in transactions of this character.  The material fraudulent representations in consequence of which they claim they refused to consummate this transaction are that Tighe told them the instrument they signed was

an option and not a contract, that the upstairs rooms in the Robson avenue property were as large and satisfactory as the rooms downstairs, and that in case defendants were not satisfied with the upstairs rooms he (Tighe) would destroy the paper he was asking defendants to sign. From a careful review of the record we are satisfied that the preponderance of the evidence establishes the alleged fraud. For days after the signatures of defendants were obtained Tighe either refused or at least avoided showing the upstairs portion of the property to the defendants. This is established by undisputed testimony. When Tighe finally did send a person to show the upper rooms to defendants, they found the rooms were not as Tighe represented them and at once defendants stated they would not go on with the deal. And further, we are satisfied that Tighe promised defendants he would destroy the instrument which he induced them to sign if upon further investigation they were not satisfied with the Robson avenue property. If, as we think it is to be fairly concluded from this record, at the time Tighe made this promise he had no intention of doing as he agreed to and used this means of securing defendants' signatures, it constituted actionable fraud.

"Where the fraud is partly by false promises and partly by false representations of facts, representations, though promissory in character, which are made in bad faith and as part of a scheme to defraud are nevertheless fraudulent." (Syllabus) *Becker* v. *Illinois Life Insurance Co.*, 227 Mich. 388.

The decree of the lower court is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.