VAN DELLEN *v.* VAN DELLEN.

1. FRAUD—UNFULFILLED PROMISE AS TO FUTURE EVENT—INTENTION.
   While ordinarily fraud may not be based on unfulfilled promise as to future events, exception is made where promise is made for purpose of securing execution of instrument without any intention on part of promisor to keep it.

2. BILLS AND NOTES—FRAUD—INDORSERS.
   Where indorsers' signatures were obtained by fraud, notes are void as to them unless now in hands of *bona fide* purchaser for value and before maturity.

3. SAME—FRAUD—HOLDER IN DUE COURSE.
   Where indorsers' signatures to notes were obtained by fraud, testimony by payee's president, who was also director of bank, that notes were sold to bank before maturity and for valuable consideration, was not sufficient to establish that bank was holder in due course, especially where notes were introduced in evidence and showed no indorsements thereon to bank.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 7, 1932. (Docket No..44, Calendar No. 36,378.) Decided June 6, 1932.

On the question of future promise as fraud, see annotation in 10 L. R. A. (N. S.) 640; 24 L. R. A. (N. S.) 735.

Bill by John Van Dellen and others against George Van Dellen and others to cancel notes on the ground of fraud. Decree for plaintiffs. Defendants Fidelity Corporation of Michigan and Peoples State Savings Bank of East Jordan appeal. Affirmed.

*Mason, Alexander, McCaslin, Cholette & Mitts,* for appellants.

*Fred P. Geib,* for appellees.

WIEST, J. George Van Dellen was engaged in selling automobiles, and forged and sold chattel mortgages to defendant Fidelity Corporation. Officers of the corporation discovered the fraud, estimated loss thereby at $8,000, and immediately pressed the forger to make settlement. George Van Dellen, on January 6, 1931, executed a chattel mortgage to the Fidelity Corporation, covering the stock of goods in a store owned by him at Hoytville; gave a real estate mortgage to the Fidelity Corporation, covering his Hoytville real estate; gave a warranty deed, in which he was joined by his wife, to Albert P. Theophile, covering the same property at Hoytville; and a bill of sale of the store stock of goods to Theophile. Theophile was merely serving in behalf of the Fidelity Corporation. Within a few days officers of the Fidelity Corporation found that the loss was $12,000 instead of $8,000, and insisted on further security. The local manager of the Fidelity Corporation went with George Van Dellen to obtain the indorsements of John Van Dellen, his wife, Jennie, and George Richardson, a brother-in-law, upon two notes of $2,000 each.

Plaintiffs, the indorsers of the notes, filed the bill herein to have their indorsements canceled on the ground that they were induced to sign the notes by

fraudulent representations made by the manager of the Fidelity Corporation, and by fraudulent concealment of the fact that George Van Dellen had turned over all of his property to the Fidelity Corporation.

The fraudulent representation was, that if plaintiffs indorsed the notes George Van Dellen would be allowed to conduct his store or sell it during the six-months period before maturity of the notes. The fraud lay in the fact that at that time it was the fixed intention of the Fidelity Corporation to take possession of the store at once under the instruments given by George Van Dellen and close him out. At the time of making the indorsements the plaintiffs had no knowledge of George Van Dellen's criminal acts or of his conveyances to the Fidelity Corporation, and believed that within six months, the period stated in the notes, he would be able to take care of the same.

The circuit judge found the fraud, and canceled the indorsements.

The Peoples State Savings Bank of East Jordan was made a defendant, and, by answer, claimed to be a *bona fide* purchaser of the notes, for value, before maturity, but, at the trial, offered no evidence.

Defendants invoke the well-known rule that fraud must relate to a present or pre-existing fact, and cannot ordinarily be based on unfulfilled promises or statements as to future events. The rule, however, is not without exceptions.

In *J. B. Colt Co.* v. *Cousino,* 226 Mich. 518, it was said:

"This court has recognized an exception to the rule where the promise is made for the purpose of securing the execution of the instrument and without a then existing intention on the part of the promisor to keep it."

See, also, *Matteson* v. *Weaver,* 229 Mich. 495.

In *Crowley* v. *Langdon,* 127 Mich. 51, it was held, quoting syllabus:

"A chattel mortgage given in consideration of the promises of a mortgagee to extend the time of payment of the debt secured, and to grant a further credit to the mortgagor, which promises the mortgagee at the time had a fixed intention not to perform, may be avoided by the mortgagor on the ground of fraud."

See, also, *Jones* v. *Brammer,* 229 Ky. 649 (17 S. W. [2d] 736); *Zuckerman* v. *Geller,* 103 N. J. Eq. 145 (142 Atl. 344); *Pease & Elliman, Inc.,* v. *Wegeman,* 223 App. Div. 682 (229 N. Y. Supp. 398); *Feldman* v. *Witmark,* 254 Mass. 480 (150 N. E. 329).

Defendants also contend that there was no legal obligation to inform plaintiffs of the true situation, and, therefore, no fraudulent concealment.

We need spend no time on this beyond stating that such concealment perfectly dovetailed with the active fraud practiced. It is manifest that, had the slightest disclosure been made, the indorsements would not have been procured.

The indorsements, having been procured by fraud practiced by the payee, the notes are void as to the indorsers, unless now in the hands of a *bona fide* purchaser for value and before maturity.

The issue, raised by the answer of the bank, called for some evidence of good faith on the part of the bank, and it was not sufficient for the president of the Fidelity Corporation, who was also a director of the bank, to merely testify that the notes were sold to the bank before maturity and for a valuable consideration. The notes were introduced in evidence and showed no indorsements thereon to the bank.

We said in *Case* v. *City National Bank of Battle Creek,* 240 Mich. 419, quoting syllabus:

"In a suit for the cancellation of a note and mortgage on the ground of fraud, where plaintiffs established fraud in the inception thereof, the burden of proof was upon defendant to show that it was a *bona fide* purchaser for value."

The decree is affirmed, with costs to plaintiff.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.