THATCHER v. DETROIT TRUST CO.

1. APPEAL AND ERROR—MOTION TO DISMISS—CHARGES IN DECLARA-
   TION ASSUMED PROVED.

   On appeal from order dismissing case on motion of defendant,
   Supreme Court considers that plaintiff could prove the charges
   made.

2. MORTGAGES—TRUST MORTGAGES—BONDHOLDERS—NOTICE BY INCOR-
   PORATION BY REFERENCE.

   Bondholders under trust mortgage are chargeable with notice
   of the provisions of the mortgage securing the bonds where
   bonds contained an express reference to the mortgage for a
   description of the property, the nature and extent of the
   security, and the terms and conditions under which the bonds
   were issued and secured.

3. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT—EXTENSION
   OF LIMITATION.

   Two-year statute of limitations on causes of action which had
   been fraudulently concealed from persons entitled to knowl-
   edge thereof does not extend the period within which an action
   may be brought where the fraud is discovered prior to two
   years before the expiration of the period to which a plaintiff
   was entitled under general statute of limitations (3 Comp.
   Laws 1929, §§ 13976, 13983).

4. SAME—FRAUDULENT CONCEALMENT—EQUITY.

   Statute providing that when a cause of action is fraudulently
   concealed from the knowledge of the party entitled thereto,
   the action may be commenced at any time within two years
   after discovery of the fraud, applies both at law and in equity
   (3 Comp. Laws 1929, § 13983).

5. SAME—FRAUD—CONTRACTS—FRAUDULENT CONCEALMENT.

   Action for fraud and deceit and containing various counts based
   on contract which was not commenced within four years after
   alleged fraud was discovered and about eight years after it

was alleged to have been committed *held*, barred by statute of limitations and not within statutory exception for fraudulent concealment (3 Comp. Laws 1929, §§ 13976, 13983).

6. TRUSTS—EQUITY—STATUTE OF LIMITATIONS.

The rule exempting express trusts from the operation of the statute of limitations does not apply to causes of action cognizable at law such as those arising in favor of bondholder against trustee under a trust mortgage, but applies only to technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of the court of equity (3 Comp. Laws 1929, § 13976).

Appeal from Wayne; Keidan (Harry B.), J. Submitted January 12, 1939. (Docket No. 104, Calendar No. 40,374.) Decided April 4, 1939.

Action by Julius E. Thatcher against Detroit Trust Company and others for damages as result of fraud and deceit, breach of duty, breach of implied warranty, breach of contract, and on common counts in assumpsit. Judgment for defendants on motion to dismiss. Plaintiff appeals. Affirmed.

*Welsh, Bebout & Hill,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant Detroit Trust Company.

BUSHNELL, J. According to plaintiff's declaration, the owners of property having a frontage on Michigan avenue, Shelby street and Lafayette avenue in the city of Detroit executed a lease in 1917 to a corporation known as the Michigan & Shelby Land Company. This corporation in turn executed a sublease at a higher rental to the Detroit Leasing Company, which, in turn, sublet the premises at a still higher rental to certain individuals who assigned this sublease to the Michigan Lafayette

Building Company, a Michigan corporation, for a consideration of $160,000 and an undertaking by the assignee to carry out certain terms of the subleases.

The Michigan Lafayette Building Company, the declaration continues, erected upon the land a store and office building known as the Lafayette Building, at a cost of over $2,000,000. On May 12, 1927, Michigan Lafayette Building Company, "by a unanimous vote of more than two-thirds of the outstanding capital stock of said company, and a majority vote of the directors," authorized the execution and delivery of a mortgage of its subleasehold interest in the property to secure a $1,800,000 issue of bonds to the Detroit Trust Company as trustee. It is further alleged that the Detroit Trust Company drafted the resolutions authorizing the bond issue, the mortgage, and the bonds; directed and secured proper execution and delivery thereof; accepted the trust in writing; prepared and presented the application for the approval of the Michigan Securities Commission; certified the bonds; took delivery of them for sale and delivery to the public; arranged for a sale to itself, First National Company of Detroit, and Harris, Small & Company as underwriters; received the money from the sale of the bonds and directed its application; and received and appropriated to itself a commission for such sale, not as a fee for being trustee but as profit to itself as underwriter.

Plaintiff claims that he purchased $5,000 of these bonds in 1927 through the First National Bank-Detroit, bond department, and that the latter was the agent of and/or coworker with the Detroit Trust Company. The gravamen of his complaint is that the bonds were described as "6 per cent. first leasehold mortgage gold bonds," and that the Detroit

Trust Company, named as defendant, was instrumental in publishing a prospectus wherein the bonds were described as "first mortgage leasehold 6 per cent. gold bonds." This, plaintiff claims, amounted to deceit and fraud since the mortgage was on a subleasehold rather than a first leasehold interest.

Plaintiff's declaration contains five counts, for fraud and deceit, for breach of duty as trustee, for breach of implied warranty under the negotiable instruments law, for breach of contract, and general allegations under the common counts. He states that his suit is in the nature of a class suit for the benefit of himself and others as are in like position as purchasers of the bonds, and who may intervene in the proceedings. In 1931, the mortgagor defaulted in its payments and later in the same year the mortgage was forfeited and Michigan Lafayette Building Company lost all rights in the property. Plaintiff's suit was not instituted until 1935, which was almost eight years after the bonds were issued and the prospectus published.

The trust company filed a motion to dismiss on the ground that the declaration showed that the alleged deceit, fraudulent representations and breaches of duty occurred in 1927, more than six years prior to the commencement of the action, and that consequently the suit was barred by the statute of limitations. Defendant claimed that plaintiff had full knowledge of all the relevant facts and circumstances not later than the year 1931. The parties agree that the only question before the court on appeal is whether the trial judge was correct in granting an order dismissing the suit because the alleged wrongs occurred more than six years prior to the institution of suit, the time prescribed by 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).

As the suit was dismissed on motion of the defendant, for the purposes of this discussion we shall consider that plaintiff could prove the charges made. We shall also assume, in the face of persuasive considerations to the contrary, that the description "First Mortgage Leasehold Bonds" deceived or tended to deceive, and that the First National Bank-Detroit was an agent of the defendant in the sale of the bonds to the public. After making these assumptions, it is still clear that the activities of which plaintiff complains took place in 1927 when the bonds were issued and when plaintiff made his purchase. This plaintiff admits, but claims that the six-year statute did not begin to run from that date because defendant was a trustee under the bond issue and "the plaintiff had every reason to believe that the trustee was acting honestly and was not and would not make any false and fraudulent representations relative to the bonds or the security back of those bonds," and that consequently there existed no duty "upon the plaintiff to investigate those representations to determine their truth or falsity until something happened which might place him upon inquiry."

There is no claim that the mortgage or deed of trust did not fully set forth the nature of the security mortgaged. Plaintiff's bonds contained an express reference to that mortgage "for a description of the property, the nature and extent of the security * * * and the terms and conditions under which the bonds are issued and secured." Under such circumstances, we have held bondholders chargeable with notice of the provisions of the mortgage. *Michigan Trust Co.* v. *Grand Rapids Hotel Co.*, 265 Mich. 328. Furthermore, complete disclosures were filed before the Michigan Securities Commission in 1927, which were on public record

and available for plaintiff's inspection. · Contrary to his contention, plaintiff had the means of knowing the true condition of affairs in 1927, when his alleged cause of action accrued.

However, even if plaintiff was not bound by such notice, he had full. knowledge of the facts in 1931. This he does not deny, but claims in the brief filed in his behalf that he had six years in which to bring his action under 3 Comp. Laws 1929, §§ 13976, 13983 (Stat. Ann. §§ 27.605, 27.612), after the facts became known to him, because of alleged fraudulent concealment by defendant. He thus claims a period of approximately 10 years before his claim could be outlawed. This, of course, is not what the statute provides, nor does it give plaintiff two years more in addition to the six years if, as in this case, he discovered the fraud in more than two years prior to the expiration of the six years. In discussing this provision, we said in *Ramsey* v. *Child, Hulswit & Co.,* 198 Mich. 658, 667:

"This statute applies both at law and in equity. It will be observed that the legislature did not see fit to adopt the equitable rule to the full extent of allowing the six-year limitation period to be considered as beginning at the date of discovery of the cause of action, but chose rather to allow a period of two years from date of such discovery within which to bring suit, as a special right, when by the strict terms of the general rule the action would be barred before the expiration of such two-year period. Under the two sections above quoted, a plaintiff now has, in any case, the full period of six years from the date of the fraudulent act, or other act creating his cause of action, within which to institute suit, and moreover, where the defendant has fraudulently concealed from him his cause of action, he has, under any circumstances, not less

than the full period of two years from date of discovery in which to bring his action."

Since suit was not commenced for four years after the alleged fraud was discovered, this statutory exception for fraudulent concealment is unavailable to plaintiff.

Finally, it is claimed that because defendant was acting as trustee under the mortgage, a peculiar fiduciary relation existed between it and the bondholders and the statutes of limitation are inapplicable to causes of actions arising from breaches of such fiduciary duty. It is not necessary for us to decide whether a corporate trustee under a deed of trust is to be regarded as an express trustee, with liabilities defined by general principles of fiduciary conduct, for it is clear that even if a fiduciary relation is established, appellant cannot avoid the statutory limitation on untimely suits. As is pointed out in *Buttles* v. *DeBaun,* 116 Wis. 323 (93 N. W. 5), the judicial rule exempting express trusts from the operation of the statute of limitations does not apply to causes of action cognizable at law. This doctrine was specifically approved in *Jewell* v. *Jewell's Estate,* 139 Mich. 578, 586, where the following language of Chancellor Kent was quoted:

"I cannot assent to the proposition that all cases of direct and express trust, and ,arising between trustee and *cestui que* trust, are to be withdrawn from the operation of the statute of limitations, notwithstanding a clear and certain remedy exists at law. * * * A review of the decisions will enable us, as I apprehend, to deduce from them a safer and sounder doctrine, and to establish, upon solid foundations of authority and policy, this rule: That the trusts intended by the courts of equity not to be reached or affected by the statute of limitations are those technical and continuing trusts which are

not at all cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of this court.''

There is nothing alleged in plaintiff's second count that makes his cause of action anything more than an ordinary suit for fraud and misrepresentation. It is perfectly cognizable at law, and is by no means of so peculiarly an equitable nature that the statute of limitations should be held inapplicable to it.

Plaintiff's contractual claims and alleged cause of action under the common counts are subject to the same bar of the statute.

The order of dismissal is affirmed, with costs to appellee.

WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, C. J., did not sit.