Hillsborough, } No. 3137.
April 15, 1940. }

MARY J. CHARPENTIER *v.* SOCONY-VACUUM OIL CO. & a.

*Wason, Guertin & Leahy* and *Allen A. Backer* (*Mr. Guertin* orally), for the plaintiff.

*Hamblett & Hamblett* and *Robert F. Griffith* (*Mr. Robert B. Hamblett* orally), for the defendants.

ALLEN, C. J.   When a motion for a nonsuit is made upon an opening statement which sets forth all the material facts of which evidence is to be presented, the statement is to be treated as though the evidence offered had been introduced.   The inquiry then is whether upon that evidence there is a case for submission.   The reasonable inferences deducible from the evidence offered are to be given effect to the same extent and in the same manner as upon evidence which has been introduced.   In *Hughes* v. *Railroad,* 71 N. H. 279, 284, it is said: "The ruling granting the nonsuit was, in effect, that the facts stated were insufficient to authorize the inference that" the plaintiff was entitled to recover.   This view was followed in *Cavanaugh & McCaffrey* v. *Barnard,* 83 N. H. 370, 373.   So here the inquiry is not whether the outline of the evidence stated in terms all the elements of deceit, but is whether from it all the elements might be found.   It is not a case of presenting new issues after the trial, but is one where the evidence offered is claimed to be sufficient to prove deceit, including all of its required factors.

The alleged deceit transpired in Massachusetts.   By the law of that state as understood and therefore found, false representations necessary as an element of the action of deceit must be of existing material facts.   *Forman* v. *Hamilburg,* (Mass.) 14 N. E. Rep., (2d), 137, 139.   "A statement promissory in nature 'is not properly a representation, but a contract'" (*Carlson Co.* v. *Company,* 269 Mass. 272), and "False statements of opinion, of conditions to exist in the future, or of matters promissory in nature, ordinarily are not actionable" (*Coe* v. *Ware,* (Mass.) 171 N. E. Rep. 732, 734).   But a misrepresentation as to a matter of fact may "include a belief or an intention." *Alpine* v. *Company,* 244 Mass. 164, 167.   As declared in *Feldman* v. *Witmark,* 254 Mass. 480, 481: "Present intention as to a future act is a fact.   It is susceptible of proof.   When such intention

does not exist, and the maker of the representation knows it does not exist, it is a misrepresentation of a material fact."

It is suggested that this case is in effect overruled by that of *Carlson Co.* v. *Company, supra,* but in the *Carlson* case the representations were held to be essentially promissory in nature, and the opinion states that the case in its facts is distinguishable from the *Feldman* case, which was also inferentially confirmed in *Loughery* v. *Company,* 258 Mass. 172, 178.

A false statement of intention to perform an oral promise required to be in writing by the statute of frauds may be actionable. *Ciarlo* v. *Ciarlo,* 244 Mass. 453. This application of the action of deceit was employed in the case of *Hazleton* v. *Lewis,* 267 Mass. 533, in which the court said: "There is nothing to show that she [the defendant] led the plaintiff to rely upon her promise intending later on to refuse to perform it. The refusal to carry out an oral promise to convey land, standing by itself, is not a fraud." And it is said in *McCusker* v. *Geiger,* 195 Mass. 46, 54, without qualifying language that when property is obtained with a fraudulent purpose not to pay for it, the fraud is actionable. It thus appears that a state of mind may be an existing material fact and dishonest statements of it may give rise to liability, even when they are made to induce reliance on an unenforceable promise.

Applying the foregoing tests to the offer of evidence, while a purpose not to observe a promise may not be inferred from the mere fact of the non-observance of the promise, yet the non-observance with other evidence suffices and is ample for the inference of the purpose not to perform. The assurance to the plaintiff that the delay in concluding the transaction was due to the attorney's delay in passing on the title when he had not been engaged therefor, the agent's statement of having funds ready to be paid for the property when the statement was false, and the undenied charge that the defendant had made an arrangement with the mortgagee dependent upon his purchase of the property at the foreclosure sale, may be mentioned as particular items bearing on the issue of intention not to perform the promise to buy from the plaintiff. In addition, the course of conduct throughout the period from the making of the promise to the foreclosure sale, in repeated assurances that the defendant would buy, in quieting the plaintiff's apprehensions over the delays, and in persuading her not to do business with others, if not of themselves sufficient to manifest the purpose not to buy, have evidential value to strengthen the inference deducible from the statements made to her

which were findably false, its conduct in inducing others not to negotiate with her, and its arrangement with the mortgagee.

In short, the opening statement was an offer of evidence tending to show that the defendant dishonestly induced the plaintiff to rely on a promise which it intended not to keep and to take no steps to obtain from others such value as the equity in the property had.

*New trial.*

All concurred.