## BERRY et al. v. CHRYSLER CORPORATION.

### No. 9977.

Circuit Court of Appeals, Sixth Circuit.

July 23, 1945.

Donald F. Pascoe, of Detroit, Mich. (Bratton & Bratton, of Detroit, Mich., on the brief), for appellants.

Roger W. Rogers, of Detroit, Mich. (Edward P. Wright and Dickinson, Wright, Davis, McKean & Cudlip, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This case presents the question of the application of the statute of limitations of

the State of Michigan to an action alleging fraud and deceit in the procurement of a series of contracts. The defense of the statute was raised by motion to dismiss, which was sustained by the District Court. Appellants contend that the dismissal constituted reversible error, both upon the ground that the defense should have been raised by answer, and also upon the merits.

The first contention is based upon the provisions of Rule 8(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which in its pertinent portion reads as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *"

This rule has been strictly applied in certain recent District Court cases, Dirk Ter Haar v. Seaboard Oil Co. of Delaware, D.C., 1 F.R.D. 598; Kraushaar v. Leschin, D.C., 4 F.R.D. 143, but a number of other cases have held to the contrary. Leimer v. State Mutual Life Assur. Co. of Worcester, Mass., 8 Cir., 108 F.2d 302, 305, 306; Continental Collieries, Inc., v. Shober, Jr., 3 Cir., 130 F.2d 631, 636. Cf. Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 870. We think that for this circuit the matter is concluded by our decision in A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472, in which precisely the same contention was made. The appellant there urged that § 1113(a) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 324, the limitation section, is a limitation upon the remedy, and that since it had not been pleaded as a defense, the court was powerless to consider its applicability on the appeal. The court held, applying Rule 9(f) of the Rules of Civil Procedure, that for the purpose of testing the sufficiency of the pleading, averments of time are material, and that therefore a motion to dismiss because the statute of limitations has run, may be utilized without an affirmative defensive plea or supporting affidavits whenever the time alleged in the petition shows that the cause of action has not been brought within the statutory period.

Our conclusion upon this point is strengthened by the provisions of Rule 12 (b) of the Rules of Civil Procedure, which in part provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. * * *"

The defense of the statute of limitations is covered by clause (6), and therefore is properly raised by motion.

Upon the merits of the case also we think that the judgment of the District Court must be affirmed.

The complaint in substance, taken together with the statement and bill of particulars of the claim, alleges the following facts:

The appellants were induced by appellee's representatives to enter into a series of contracts under the terms of which the appellants were to engage in the sale of automobiles manufactured by the appellee. The representations were made in October, 1934 and shortly thereafter, and culminated in a contract executed December 20, 1934, which was renewed from time to time in contracts identical in form, the last of which was executed March 26, 1937. Both original and renewal contracts provided that "It is agreed that either party may terminate this Agreement with or without cause at any time upon not less then fifteen (15) days' nor more than twenty (20) days' written notice to the other party either by personal delivery or by registered mail to the last known address. * * * It is agreed that neither party shall be liable to the other for damages of any kind on account of termination of this Agreement with or without notice as provided herein, whether damages result from loss through commitments on obligations or leases, from loss of investment or of present or prospective profits, or from inability to meet obligations, or from any other cause, notwithstanding the failure of Direct Dealer to order the products herein referred to or the failure of Company to furnish and deliver said products to Direct Dealer."

No other provision as to duration or permanence of relationship was embodied in any of the written contracts. Appellants assert that in order to induce them to execute the proposed contracts the appellee's agents assured the appellants that the proposed relationship would be "of at least five years' duration and most surely not less than ten years," and that the cancellation clause in the proposed contract was of no consequence and would not be exercised without just cause or reason. Appellants invested substantial sums in building up the business, in remodeling and equipping salesrooms and purchasing facilities and equipment required by the appellee, and also promoted six associate dealerships which were entered into in January, 1937. $1,500 was expended for the promotion of each of the associate dealerships, from which appellants were entitled to receive an overriding discount of three per cent on all cars sold to such associate dealers. It is averred that the appellee had no intention of carrying out the representations as to the duration of the relationship between the parties, but intended fraudulently and deceitfully to allow the appellants to build up a profitable business and then to cancel the contracts without just cause and appropriate the results of the appellants' efforts; that pursuant to this intention the appellee cancelled any and all agreements entered into between appellee and appellants, by notice in writing dated September 8, 1937, effective "fifteen (15) days from delivery." The appellee refused to reimburse appellants for the special equipment or any of the loss resulting from the termination of the relationship, which is claimed to be $105,000.

The appellants contend that the District Court erred in dismissing the action upon the ground that it was barred by the statute of limitations. The limitations in actions based on fraud is six years next after the cause of action accrues. Mich. Stat.Ann. § 27.605, Comp.Laws Supp. Mich. 1940, § 13976. In case any person liable for fraud conceals the cause of action from the knowledge of the person entitled to recover, the action may be commenced any time within two years after discovery. Mich. Stat.Ann. § 27.612, Comp.Laws Mich. 1929, § 13983.

Appellants urge that the contracts were in full force and effect for fifteen days after delivery of the cancellation notice of September 8, 1937, and that no fraud was in fact committed until the contracts were completely cancelled and terminated. The action was filed September 21, 1943, and was timely brought under the Michigan statute, if the cause did not accrue until September 23, 1937, as contended.

Under the law of Michigan an unfulfilled promise to perform in the future, made with a present undisclosed intent not to perform or without the intent to perform and for the purpose of inducing action, affords a basis for a recovery in fraud and deceit. It is the usual rule that actionable fraud must relate to a present or pre-existing fact, and can not ordinarily be based on unfulfilled promises or statements as to future events. However, the Supreme Court of Michigan, in Van Dellen v. Van Dellen, 259 Mich. 275, 243 N.W. 5, 6, pointed out that the rule is not without exceptions, and quoted from J. B. Colt Co. v. Cousino, 226 Mich. 518, 198 N.W. 222, which declared:

"This court has recognized an exception to the rule where the promise is made for the purpose of securing the execution of the instrument and without a then existing intention on the part of the promisor to keep it."

See also Rutan v. Straehly, 289 Mich. 341, 286 N.W. 639; City Investment Co. v. Zimni, 255 Mich. 388, 238 N.W. 170.

Under the general rule that the statute does not begin to run until the tort is complete (Restatement of the Law of Torts, § 899c), assuming the facts to be as stated in the complaint, we think the alleged fraud was consummated and the cause of action accrued when the contract was entered into in October, 1934, and when each succeeding contract was executed. If the appellants were injured as alleged in the complaint, they suffered the injury as soon as each contract was executed, for they received a written contract which did not embody the understanding that they now claim existed, a contract which on its face was terminable at will instead of existing for a substantial period of time. They alleged that they had been induced to put forth their efforts and to expend their money for something of much less value than that which they claim was agreed upon. In such cases the action accrues immediately. Briggs v. Brushaber, 43 Mich. 330, 5 N.W. 383, 38 Am.Rep. 187; Ramsey v. Child, Hulswit Co., 198 Mich. 658, 165 N.W. 936; Thatcher v. Detroit Trust Co., 288 Mich. 410, 285 N.W. 2, 122 A.L.R. 282. Whether we consider that the

action falls within the general six-year statute of limitations, or within the provision that in case of concealed fraud the action may be commenced within two years after discovery, the District Court correctly held that the action was barred.

Judgment affirmed.