FULLER *v.* METCALF.

1. LANDLORD AND TENANT—SET-OFF—PRESUMPTION.

A tenant cannot plead an independent set-off in defense of an action brought by the landlord to dispossess him for nonpayment of rent; and no presumption of law can arise against the tenant for failure to insist upon such set-off as against the rent when it falls due.

2. SAME—RECOUPMENT—DELAY.

Accordingly, it was erroneous to instruct the jury, on the trial of an action for rent, which the defense contended should be reduced by certain amounts expended for repairs

or improvements that the plaintiff authorized the tenant to install, charging the cost to the former, that the failure of the defendant to insist on his set-off, when he paid the rent, raised a presumption, which was not conclusive, but which the jury had a right to consider, that all matters in difference between the parties were settled when he made the payments. It was for the jury to say whether the delay should be treated as giving rise to an inference unfavorable to the defendant.

3. SAME—EVIDENCE—BURDEN OF PROOF.

The issue between the parties lay in whether or not plaintiff had authorized the defendant to make the repairs, and had promised to reimburse him. If the jury found for the defendant on this question, the delay in asserting the claim of the defense during a period of three years was not fatal to his right, but he had the burden of establishing his claim.

Error to Kent; Perkins, J. Submitted June 18, 1915. (Docket No. 65.) Decided December 22, 1915.

Assumpsit by Philo C. Fuller against Samuel H. Metcalf for use and occupation of certain premises. Judgment for plaintiff. Defendant brings error. Reversed.

*Smedley & Linsey,* for appellant.
*Hatch, McAllister & Raymond,* for appellee.

PERSON, J. In May, 1910, an arrangement was made between the parties to this action whereby the plaintiff was to lease to the defendant a barn in the city of Grand Rapids. Before the term should begin the plaintiff was to make certain changes and repairs the better to fit the building for defendant's business. Through a mutual expectation that the work would be completed so that the defendant might go into possession by the 1st day of July, he made payment of rent as from that date. It was agreed that the rent was to be at the rate of $50 per month during the first year, and thereafter at the rate of $60 per month.

The defendant continued to occupy the premises for about three years, making payments of rent monthly, at the agreed rates, down to April, 1913. The plaintiff then demanded an increase to $75 per month, which the defendant would not consent to. Some ill feeling arose as the result of this demand and refusal, and defendant delivered back possession of the barn to plaintiff on the 30th day of June of the year last mentioned. During April, May, and June following the attempted increase of rent, defendant sent his check to plaintiff each month at the old rate of $60 per month, but the checks were refused by the plaintiff and returned to defendant.

After the surrender of possession by defendant this action was brought for the three months' rent, and defendant gave notice of set-off. On the trial the set-off became the only question contested, inasmuch as the plaintiff conceded that he was entitled to recover only the $60 per month, and the defendant admitted that he was indebted to that extent. The defendant's set-off, which thus became the real subject of the litigation, consisted mostly of a claim for improvements and repairs to the barn made by him after he had entered into possession. It also included the amount of one-half month's rent which he thought ought to be refunded to him, because, as he testified, the plaintiff did not complete the repairs which he was to make until about the middle of July of the first year, so as to give possession.

Upon the trial the defendant testified that plaintiff, who was then about to start on a business trip to New York, told him at the time of paying the first installment of rent to make such little changes and improvements to the building as he should find necessary, and that he (plaintiff) would settle for the same upon his return. He further testified that he made the changes and improvements in reliance upon such direction and

promise, that he afterwards called the plaintiff's attention to the work he had done, and that the plaintiff neither made objections thereto nor questioned his liability for the same. The plaintiff, on the other hand, denied ever having given the defendant any authority to make any changes, or add any improvements to the barn, and denied ever having promised to pay for such work. He also testified that the defendant never called his attention to the fact that he had made such changes and improvements, and that he (the plaintiff) never acknowledged, either directly or indirectly, any liability to the defendant therefor.

Some of the items in defendant's set-off were excluded by the trial judge from the consideration of the jury, as not coming within any promise of repayment shown in the case. The items finally submitted amounted to $105. By their verdict, however, the jury entirely rejected the claim of set-off, and allowed plaintiff the full amount of the rent, with interest. After instructing the jury that, as between landlord and tenant, the landlord was not liable to the tenant for repairs made during the continuance of the tenancy, unless there was an express agreement between them that the landlord should pay for the same, the court proceeded with the following further instructions:

"Now, as to all of these matters, you are to take into consideration the fact that the defendant has paid his rent on or about the 1st day of the month during the entire period of three years without making or insisting upon his alleged set-off. That is not conclusive, however. It raises the presumption, which you have a right to consider, that all matters in difference between the parties were settled at the time he paid his rent, but it is not a conclusive presumption. You have a right to take into consideration the testimony as to the understanding and agreement between the parties and what was said and what caused the delay, if anything did cause the delay. But, ordinarily, the presumption arises under such circumstances that all mat-

ters are settled up between the parties when one or the other pays money to the other and afterwards claims that that payment was a qualified payment, and that there is still due the person making the payment money from the person to whom the payment was made. It is for you to determine under the evidence in the case as to whether these payments of rent from time to time indicate or establish the fact that all matters of difference between these parties were settled. If you find under the evidence and the circumstances of the case that they were settled, that would end the controversy, and your verdict would be for the plaintiff for the full amount claimed. If you find that they were not settled, and these items of set-off were reserved for future determination, then you will consider these items, excluding, however, the items I have called your attention to that are not proper items of set-off in this case."

Counsel for defendant except to these instructions, and the instructions certainly were objectionable.

A tenant cannot plead an independent set-off in defense of an action brought by the landlord to dispossess him for nonpayment of rent; and no presumption of law can arise against the tenant for failure to insist upon such set-off as against the rent when it falls due. As was said in *McSloy* v. *Ryan*, 27 Mich. 110:

"The defendant offered evidence to show that complainant had not performed his covenants in the lease in regard to improvements and repairs. As these covenants were independent of the covenant to pay rent, and this proceeding was not one in which, even if the amount of the rent was in issue, there could be any deduction of offsets, or by way of recoupment, the court did not err in rejecting this evidence."

The same rule is stated in 2 Tiffany on Landlord and Tenant, p. 1766, as follows:

"In a summary proceeding to recover possession on account of nonpayment of rent, the tenant cannot assert that an offset or counterclaim exists in his favor to an amount sufficient to extinguish the claim for

rent, whether the asserted claim on his part arises from a breach of covenant by the landlord or otherwise. It has been remarked that the object of the statute in providing an adequate and summary method of obtaining possession would be frustrated if the tenant could assert defenses of this character."

It was wholly for the jury to determine whether, under all the circumstances, the defendant's delay in asserting his claim against the plaintiff, if there was such delay, should be treated as giving rise to an inference unfavorable to the existence of such claim. But the delay could not, as matter of law, be held to create a presumption that the matters offered as set-off had been settled.

The burden was upon the defendant to prove that he had received authority from the plaintiff to make the repairs and improvements, and that plaintiff had promised to reimburse him therefor. These were the things that plaintiff denied, and here lay the issue. If it were found that the authority had been given and the promise made, then there was no claim by the plaintiff that the liability, once established, had ever been settled or waived by the defendant. It was improper to tell the jury, in substance, that even if the plaintiff did authorize the defendant to make the repairs and changes, and did promise to repay him for making them, it was still for them "to determine, under the evidence in the case, as to whether these payments of rent from time to time indicate or establish the fact that all matters of difference between these parties were settled." The jury might well have understood that they were authorized to reject the items of set-off because the defendant had paid his rent without insisting upon a settlement, no matter how well those items had been established originally. This was more than a merely technical error.

The judgment is reversed and a new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

This case, having been submitted on briefs, without oral argument, was reassigned after the death of Justice McALVAY.