## BLAZEWICZ *v.* WEBERSKI.

1. JUDGMENT — EQUITY—JURISDICTION—PARTIES MAY NOT IGNORE PROCEEDINGS AT LAW AND MAINTAIN BILL TO SET ASIDE JUDGMENT.

Where vendors in a land contract gave purchasers notice of forfeiture for default in payment and commenced summary proceedings before a commissioner for possession, the purchasers could not, after failure to appear in such proceedings and after judgment of restitution, maintain a bill in equity for fraud, where the only ground of complaint was the vendors' breach of a building contract, since such matter could have been set up in defense of the summary proceedings.[1]

2. SAME—JURISDICTION—TRANSFER FROM LAW TO EQUITY—COURTS.

While there is no inflexible rule regarding equity jurisdiction, some excuse of moment must exist to carry rights over to another judicial forum after entry of judgment unappealed from.[2]

3. SAME—REAL PARTY IN INTEREST—EQUITY—COURTS.

Where, after summary proceedings by the vendors had been commenced before a commissioner for forfeiture of a land contract and before judgment, the contract was assigned to another to secure an existing indebtedness, but judgment was taken in the name of the assignor, contrary to 3 Comp. Laws 1915, § 12353, requiring every action to be prosecuted in the name of the real party in interest, such nonobservance of the statute did not confer jurisdiction upon a court of equity to grant relief after judgment entered.[3]

4. SAME—EQUITY—JURISDICTION—PERJURY.

Perjury in obtaining a judgment unappealed from affords no ground for the intervention of a court of equity.[4]

5. EQUITY—JURISDICTION—EQUITY WILL NOT INTERVENE BECAUSE OF COMPLICATIONS OF PLAINTIFF'S MAKING.

Where, during the pendency of this suit to set aside a

[1]Judgments, 34 C. J. § 682; [2]Id., 34 C. J. § 681; [3]Id., 34 C. J. § 705; [4]Id., 34 C. J. § 744.

default judgment of restitution, plaintiffs paid the original vendor the balance due on a land contract which they had theretofore assigned to defendants, and received a deed of the property, they may not complain that unless they succeed in their appeal from a decree dismissing their bill they will be put out of possession of land to which they hold a deed, since they were not entitled to said deed, and the complication arising therefrom is of their own making.[5]

Appeal from Wayne; Hart (Ray), J., presiding. Submitted January 7, 1926. (Docket No. 37.) Decided April 14, 1926.

Bill by Bronislaw Blazewicz and another against Stephen Weberski and others to set aside a judgment of restitution, and for an accounting. The Anchor Pipe & Supply Company was interpleaded as a party defendant. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*William Cohen* (*Waldo Granse,* of counsel), for plaintiffs.

*W. H. Alston,* for defendants.

*George F. Maxwell,* for interpleaded defendant.

WIEST, J. In November, 1922, plaintiffs were purchasing, under land contract, a lot on Prescott street, city of Hamtramck; they also owned another lot which they were selling on land contract and upon which there was unpaid the sum of $1,720. Desiring a new building on the Prescott street lot, plaintiffs, November 16, 1922, entered into contract with defendant Stephen Weberski under which he was to construct the building, and to pay therefor plaintiffs assigned to him their land contract interest in that lot. Weberski was to pay the balance of $1,925, as it fell due

[5]Judgments, 34 C. J. § 680.

thereon, to the owner, and plaintiffs deeded to him the other lot, subject to the contract, at the fixed value of $1,720, and also paid $200, in money.   This left a balance of $9,100, to be paid Weberski by plaintiffs.   Weberski gave plaintiffs a land contract for the Prescott street property at the price of $9,100, to be paid in monthly installments of $50, and interest, commencing February 18, 1923; the entire amount to be paid in five years.   Weberski put up the building in part and then abandoned the job, claiming plaintiffs failed to make payments on their land contract, and gave notice of forfeiture, and, September 24, 1923, commenced a summary proceeding before a circuit court commissioner to obtain possession. Plaintiffs herein, defendants therein, were served with process but did not appear before the commissioner and judgment of restitution was rendered October 15, 1923, with a finding of $876.70 due on the land contract.   No appeal was taken, but October 22, 1923, plaintiffs filed the bill herein alleging fraud committed by Weberski and asked for an accounting.   Upon hearing, the bill was dismissed.   Plaintiffs appealed.

Plaintiffs claimed they were without remedy in the proceeding before the commissioner, and, therefore, of right ignored it and are. properly in the court of equity.   We find no fraud in the making of the contract or in any of the dealings between the parties. At the most, if plaintiffs' version is correct, there was a breach of the building contract by Weberski, with damage to plaintiffs.   This defense could have been made before the commissioner both upon the question of default in payments and the amount, if any, due. If all the writings between the parties be taken as parts of one deal, and we feel they should be so taken, we see no reason, in a proceeding at law, under one part, why all parts could not be considered, and if Weberski breached his contract, and plaintiffs were

234—Mich.—28.

justified thereby in not paying more under the land contract, then, of course, there would have been no cause for forfeiture and no right in Weberski to possession and payment. The impression seems too common, of late, that equity will undo an adjudication at law, and that one duly summoned at law may ignore the proceeding, and after determination file a bill in equity and obtain relief notwithstanding. Of course, there are subjects, determining rights, purely of equity cognizance and beyond consideration by a commissioner in a summary proceeding, but this is not such a case.

While there is no inflexible rule on this subject, some excuse of moment must exist to carry rights over to another judicial forum.

After the suit was commenced before the commissioner, and before judgment therein was rendered, Weberski assigned the land contract in that suit involved to the Anchor Pipe & Supply Company, to secure an indebtedness of $1,751.52 to that company. Plaintiffs contend that taking judgment in the name of Weberski after such assignment was a fraud upon the commissioner's court and gave the court of equity jurisdiction. Continuation of the proceeding before the commissioner in the name of Weberski was agreeable to the Anchor Pipe & Supply Company, and its attorney was present at the hearing. At common law an assignee of a nonnegotiable demand could not prosecute remedies in his own name. The early statute in this State, allowing the assignee to do so, was permissive only. *Sisson* v. *Railroad Co.*, 14 Mich. 489 (90 Am. Dec. 252) ; *Michigan Sugar Co.* v. *Moffett,* 183 Mich. 589. The present statute, 3 Comp. Laws 1915, § 12353, requiring every action to be prosecuted in the name of the real party in interest, may afford ground for preventing any other obtaining judgment, but does not operate as a door to enter the equity

court in cases where it has not been observed. Even perjury in obtaining a judgment affords no ground for the intervention of a court of equity. *Becker* v. *Welch,* 206 Mich. 613.

During the pendency of this suit, plaintiffs paid the vendor under the contract they had assigned to Weberski and received a deed to the property, and now insist they face the unique situation of being put out of possession of property to which they hold a deed, if they fail in this appeal. Plaintiffs overlook the fact that their land contract with the owner had been assigned by them to Weberski and they were no longer entitled to a deed from the owner but had to deal for the title under their contract with Weberski. This complication, of plaintiffs' own making, cannot be employed by them as a prayer for relief. We find no equitable ground for setting aside the proceeding before the commissioner. Plaintiffs should have appeared there and defended and have appealed if they felt wronged. They there had their day in court and cannot here try out what should have been submitted there.

The decree dismissing the bill is affirmed, with costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.