ROSENTHAL *v.* AMERICAN CONSTRUCTION & REALTY CO.

1. VENDOR AND PURCHASER—FORFEITURE—ABROGATION OF CONTRACT RIGHTS.

   After notice of forfeiture of land contract and adjudication based thereon before circuit court commissioner, contract must be considered as entirely abrogated and all rights of respective parties thereunder terminated.

2. CONSTITUTIONAL LAW—JUDICIAL POWER VESTED IN COURTS.

   Constitution expressly vests judicial power in Supreme Court, circuit courts, probate courts, justices of peace, and such other courts as legislature may establish by general law (Const., art. 7, § 1).

3. COURT COMMISSIONERS—JURISDICTION—STATUTES.

   Jurisdiction in circuit court commissioner is limited to that conferred by legislature; being purely statutory (3 Comp. Laws 1929, § 14964 *et seq.*).

4. VENDOR AND PURCHASER—SUMMARY PROCEEDINGS—COURT COMMISSIONERS—JURISDICTION—RESCISSION.

   Where vendee holds over after breaching contract, circuit court commissioner may entertain jurisdiction of summary proceedings instituted by person entitled to possession (3 Comp. Laws 1929, § 14975), but he has no jurisdiction in cause of action by vendee electing to cancel or rescind because of vendor's breach of contract; jurisdiction in such case being in circuit court in chancery.

5. SAME—BREACH OF CONTRACT—DAMAGES—ACTION AT LAW.

   If vendee merely seeks damages for breach of land contract, his remedy is by action at law.

6. SAME—PLEADING—BREACH OF CONTRACT BY VENDOR AS DEFENSE—COURT COMMISSIONER—JURISDICTION.

   In summary proceedings before circuit court commissioner by vendor for possession after forfeiture, vendee may not plead in bar thereof breach of contract by vendor, since such issue is not within jurisdiction of circuit court commissioner, because he has no power to render money judgment in such

proceeding; and that vendor as well as vendee has breached executory land contract has no bearing on jurisdictional question.

McDONALD, C. J., and FEAD and WIEST, JJ., dissenting in part.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted October 14, 1932. (Docket No. 98, Calendar No. 36,648.) Decided March 2, 1933. Rehearing denied April 21, 1933.

Assumpsit by Julius P. Rosenthal against American Construction & Realty Company, a Michigan corporation, to recover sums paid under a land contract after alleged rescission. From order of dismissal, plaintiff appeals. Affirmed.

*Atlas & Solomon* (*Samuel A. Kayne,* of counsel), for plaintiff.

*Milton B. Safier,* for defendant.

McDONALD, C. J. This is a suit at law after rescission to recover money paid on a land contract.

On May 27, 1924, the defendant sold certain real estate on two land contracts to Nathan P. Levin, who subsequently assigned his vendee's interest to the plaintiff, Rosenthal. The assignments were consented to by the vendor. Rosenthal made payments for a time, then defaulted. The defendant vendor served notice of intention to forfeit the contracts and later a declaration of forfeiture. Thereafter, summary proceedings for possession were begun and judgment for restitution was entered. After writs of restitution were issued, Rosenthal declared a rescission of the contracts for failure to install improvements in accordance with the provisions thereof and instituted the present suit. The defendant appeared, and, under Court Rule No. 18 (1931) filed a motion to dismiss supported by affidavit. The motion was granted, and the plaintiff has appealed.

The question raised by the motion to dismiss was whether the plaintiff could rescind for breach of provisions in the contracts and maintain a suit for damages after valid forfeiture and judgment in summary proceedings in which proceedings no defense of breach is made.

The plaintiff rescinded on the ground that defendant had breached the contract relative to instalment of certain improvements. If the defendant had breached the contracts he could not have maintained summary proceedings, for if there was a breach there was no cause for forfeiture and no right to possession. The breach was a proper defense in the action before the commissioner for possession. The plaintiff could not withhold that defense and subsequently use it as a ground for rescission. The validity of the forfeiture was established by the judgment in the summary proceedings. Thereafter, when he attempted to rescind, his interest in the contracts had been terminated. He had nothing to rescind. *Blazewicz* v. *Weberski*, 234 Mich. 431; *Augustyn* v. *Zawacki*, 250 Mich. 218; *Security Investment Co.* v. *Meister*, 214 Mich. 337.

The declaration contains a special count and the common counts in assumpsit. The plaintiff contends that on motion to dismiss it cannot be held that the common counts do not state a cause of action. There is no doubt as to that rule, but where the common counts rest upon the facts averred in the special count the rule does not apply. *Lightstone* v. *Fixel*, 227 Mich. 360.

In the instant case, the special count sets up the facts constituting the entire cause of action. The common counts rest on the same facts, which do not state a cause of action. The common counts were not required. The plaintiff does not claim anything beyond what appears in the special count. In these

circumstances, the rule that on motion to dismiss it cannot be held that the common counts do not state a cause of action does not apply.

The trial court was right in granting the motion to dismiss. The judgment is affirmed, with costs to defendant.

Fead and Wiest, JJ., concurred with McDonald, C. J.

North, J. (*concurring in affirmance*). While I concur in the result reached by Mr. Justice McDonald, I am not fully in accord with the statement of law as made by him and assigned in support of his conclusion. I think decision should rest on the proposition that, after notice of forfeiture and an adjudication based thereon before the circuit court commissioner, the contract must be considered as entirely abrogated and all rights of the respective parties thereunder terminated.

The portion of Justice McDonald's opinion to which attention should be challenged reads:

"If the defendant (vendor) had breached the contracts he could not have maintained summary proceedings, for if there was a breach there was no cause for forfeiture and no right to possession. The breach was a proper defense in the action before the commissioner for possession."

The exact question presented is this: Can the breach of an executory land contract by the vendor, not resulting in liquidated damages, be pleaded by the vendee as a defense in summary proceedings instituted before a circuit court commissioner to recover possession after forfeiture? Has a circuit court commissioner jurisdiction to hear and determine such issues?

The Constitution expressly vests the judicial power in the Supreme Court, circuit courts, probate

courts, justices of the peace, and such other courts of civil and criminal jurisdiction as the legislature may establish by general law (article 7, § 1). Acting under the above-noted constitutional authority the legislature created the judicial office of circuit court commissioner and vested it with limited judicial powers. The grant of such jurisdictional powers is covered in part by 3 Comp. Laws 1929, § 14964 *et seq.* The jurisdiction in a circuit court commissioner is limited to that conferred by the legislature. In summary proceedings, as in other proceedings before him, the commissioner's jurisdiction is purely statutory. Davis' Michigan Practice before Circuit Court Commissioners, § 22. Where the vendee under a land contract holds over after breaching the contract, by express statutory provision the circuit court commissioner may entertain jurisdiction of summary proceedings instituted by the vendor or the person entitled to possession.

"The person entitled to any premises may recover possession thereof in the manner hereinafter provided, in the following cases:

"(1) When any person shall hold over any lands or tenements, * * * contrary to the conditions or covenants of any executory contract for the purchase of lands or tenements." 3 Comp. Laws 1929, § 14975.

But the statute does not give the commissioner jurisdiction in a cause of action by the vendee who may have elected to cancel or rescind his contract with a vendor because of the latter's breach of the contract. Such a suit, usually involving an accounting, as well as cancellation, is within the jurisdiction of the circuit court in chancery. *Puziol* v. *Kastle,* 231 Mich. 100; *German Bundesheim Society* v. *Schmidt,* 242 Mich. 139. If the vendee merely seeks damages for breach of the contract, his rem-

edy is by a suit at law. Such an issue is not within the jurisdiction of a circuit court commissioner, because he has no power to render a money judgment in a summary proceeding. It follows that a cause of action of the above character cannot be pleaded by a defendant vendee in a summary proceeding before the commissioner as in bar of the proceedings instituted by the vendor for the sole purpose of securing possession. The fact that the vendor, as well as the vendee, has breached an executory land contract has no bearing upon the jurisdictional question. That is controlled by the statute. Such was the holding of Justice COOLEY in *McSloy* v. *Ryan*, 27 Mich. 110. The syllabus reads:

"In proceedings under this statute evidence of the landlord's breach of covenants to repair and make improvements, which are independent of the covenant to pay rent, is irrelevant; this proceeding is not one in which, even if the amount of the rent due be in issue, there can be any deduction of offsets, or by way of recoupment."

Again in *Fuller* v. *Metcalf*, 189 Mich. 520, it was held:

"A tenant cannot plead an independent set-off in defense of an action brought by the landlord to dispossess him for nonpayment of rent; and no presumption of law can arise against the tenant for failure to insist upon such set-off as against the rent when it falls due."

If we are to follow the above-noted decisions of this court, and respect the limited statutory jurisdiction of circuit court commissioners, I think it cannot be said: "The breach (by the vendor) was a proper defense in the action before the commissioner for possession."

CLARK, POTTER, SHARPE, and BUTZEL, JJ., concurred with NORTH, J.