REAUME *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—DELAYED APPEAL—SUMMARY PROCEEDINGS—
STATUTES.

The right to a delayed appeal from the action of a circuit court commissioner in summary proceedings is specifically made dependent, by statute, upon a showing and court finding that party making the appeal has been prevented from taking it by circumstances not under his control (3 Comp. Laws 1929, §§ 14987, 16230; Court Rule No. 76, § 6, subd. [d] [1933]).

2. LANDLORD AND TENANT—PAYMENT OF RENT—REPAIRS—INDEPENDENT COVENANTS.

A tenant's covenant to pay a fixed rent and the landlord's covenant to make repairs are independent.

3. APPEAL AND ERROR—DELAYED APPEAL—SUMMARY PROCEEDINGS—
RENT—REPAIRS—SET-OFF.

Order granting delayed appeal in summary proceedings because circuit court commissioner had not permitted tenants to set off against claim for rent a sum they had spent for repairs after public authorities had required abolition of fire hazard within 10 days was error and will be vacated in mandamus proceeding, since tenant's covenant to pay rent and landlord's covenant to make repairs, if any, are independent covenants and not subject to set-off in summary proceedings (3 Comp. Laws 1929, § 14987, 16230).

Mandamus by Royal Reaume to compel Vincent M. Brennan, Wayne Circuit Judge, to vacate order granting a delayed appeal. Submitted September 9, 1941. (Calendar No. 41,660.) Writ granted October 6, 1941.

*Robert D. Anspach* (*A. Lewis Fineberg,* of counsel), for petitioner.

*Charles H. Atwell* and *John A. Hamilton,* for respondent.

Independence of covenants in leases, see 1 Restatement, Contracts, § 290.

WIEST, J. Plaintiff brought a summary proceeding before a circuit court commissioner to obtain possession of premises for nonpayment of rent by his tenants, George and Sarah Howard. The commissioner awarded restitution of the premises, found the amount of rent due and, no appeal having been taken, issued a writ of restitution and the Howards were ousted.

At the hearing of the summary proceeding the tenants offered evidence to show that they received notice from the public authorities that the wiring of the premises was defective, constituted a fire hazard and must be repaired, subject to inspection, within 10 days; that, upon notice thereof to their landlord and his failure to make the repairs, they made the same at an expense of $105, and sent plaintiff their check for $45, and asked that the $105 so paid be credited on the $150 rent due.

The commissioner held such set-off could not be considered. Instead of taking an appeal the tenants filed a bill in equity against plaintiff, their landlord, and Charles E. and Delia Reaume, to vacate the judgment of eviction and have other relief against Charles and Delia Reaume. Later they petitioned for and were granted a delayed appeal in the summary proceeding, and the mentioned bill, as to Royal Reaume, was dismissed.

Plaintiff seeks our writ of mandamus directing the circuit judge to vacate the order granting the delayed appeal, claiming power to grant such appeal is regulated by statute and the showing was insufficient.

The motion for the delayed appeal was made and granted under Court Rule No. 76, § 6, subd. (d) (1933). The court found there was merit in the claim for the delayed appeal and the delay was not due to appellant's culpable negligence.

Right to a delayed appeal in the instance at bar is specifically made dependent, by statute, upon a showing and court finding thereon that "the party making the appeal has been prevented from taking the same by circumstances not under his control." 3 Comp. Laws 1929, § 16230 (Stat. Ann. § 27.3488).* No such showing, required by statute, was made or could have been made, for defendants in the summary proceeding, instead of taking an appeal, filed a bill to vacate the judgment of ouster and to have other relief against Charles E. and Delia Reaume, from whom they were purchasing furniture under contract and who were not parties in the summary proceeding nor to the lease of the premises.

The circuit judge was of the opinion that under the holding in *Blazewicz* v. *Weberski,* 234 Mich. 431, the circuit court commissioner was in error in ruling that payment of $105 by the tenant for rewiring the premises could not be set off in that proceeding and, therefore, a meritorious question was involved in the motion for delayed appeal.

In that case mutual covenants under a land contract were involved and, one covenant not being independent of the other, we held right of the vendor to declare a forfeiture for failure of payments could be tried out in a summary proceeding. In the case at bar the covenant by the tenants to pay a fixed rent and that of the landlord, if held to make repairs, were independent, and the point in a landlord and tenant case is ruled by *McSloy* v. *Ryan,* 27 Mich. 110, where this court said:

"The defendant offered evidence to show that complainant had not performed his covenants in the lease in regard to improvements and repairs. As these covenants were independent of the covenant

---

* See, also, 3 Comp. Laws 1929, § 14987 (Stat. Ann. § 27.1998).— REPORTER.

to pay rent, and this proceeding was not one in which, even if the amount of the rent was in issue, there could be any deduction of offsets, or by way of recoupment, the court did not err in rejecting this evidence.''

See, also, *Fuller* v. *Metcalf*, 189 Mich. 520.

The circuit judge was in error in granting the delayed appeal, and the writ will issue directing vacation of the order.

Plaintiff will recover costs against George and Sarah Howard.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Starr, and Butzel, JJ., concurred.