HOWARD v. REAUME.

1. FRAUD—BURDEN OF PROOF—EVIDENCE.
    Fraud is never presumed, it cannot be lightly inferred, the burden of proof is upon the plaintiff, and it must be established by a preponderance of evidence.

2. SAME—PROMISES—CONTRACTS.
    Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud.

3. SAME—EVIDENCE—VIOLATION OF PROMISE.
    Claim that promise by defendant, vendor òf furniture in rooming house which plaintiffs had leased from her brother, that she would not have plaintiffs evicted pending negotiations for settlement of the dispute arising out of deduction from rent of cost of repairs to electric wiring in the house, was made in bad faith, without intention of performance, and as part of a conspiracy to defraud them of their lease and furniture, held, not established by testimony presented, the mere fact that writ of restitution was taken out immediately upon expiration of five-day appeal period being insufficient to establish fraudulent intent on part of defendant.

4. SAME—EVIDENCE—NONPERFORMANCE OF A PROMISE.
    The nonperformance of a promise is not fraud nor is it any evidence of fraud.

5. SAME—EVIDENCE—NONPERFORMANCE OF A PROMISE—INTENT NOT TO KEEP PROMISE.
    Evidence in action of fraud was insufficient to bring it within exception to rule that while fraud may not be based on an unfulfilled promise as to future events an exception is made where the promise was made by the promisor without any intention of keeping it and the promisee suffered a detriment.

6. SAME—CONSPIRACY—EVIDENCE—PRINCIPAL AND AGENT.
    Evidence failed to establish the alleged conspiracy to defraud between defendant father and daughter who had sold plain-

tiffs furniture in rooming house and father's son who had leased the house to plaintiffs but was not a party to action for fraud, the mere fact that the daughter may also have acted as agent for father and brother being no proof of such conspiracy.

7. STIPULATIONS—EVICTION PROCEEDINGS—COMPROMISE AND SETTLEMENT.
   Defendants in proceeding for eviction from leased premises who negotiate with evictor for settlement of dispute may protect their interests by obtaining a written stipulation or agreement they would not be evicted while negotiations for settlement were pending.

8. FRAUD—EVIDENCE—QUESTION FOR JURY.
   Defendants' motion for directed verdict or their motion for judgment notwithstanding verdict for plaintiffs should have been granted in action for fraud where plaintiffs failed to present question of fraud on part of defendants for jury determination.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 3, 1944. (Docket No. 26, Calendar No. 42,731.) Decided November 30, 1944.

Bill by George Howard and wife against Charles E. Reaume, Delia A. Reaume and Royal Reaume. Bill dismissed as to Royal Reaume. Case transferred to law side where declaration was filed claiming damages because of fraudulent misrepresentation. Verdict and judgment for plaintiffs. Defendants appeal. Reversed without new trial.

*Roy H. Lockwood* and *Charles H. Atwell,* for plaintiffs.

*Robert D. Anspach* (*A. Lewis Fineberg,* of counsel), for defendants.

STARR, J. This case was begun in chancery, but at the time of trial was transferred to the law side of

the court for jury trial. Defendants. appeal from a judgment of $1,500, entered on jury verdict for plaintiffs.

On April 15, 1940, defendant Charles Reaume and his daughter, defendant Delia Reaume, entered into a written contract to sell certain furniture located in a rooming house at 1121–1123 West Kirby avenue, Detroit, to plaintiffs for $2,500, payable $1,500 down and the balance in monthly instalments of $50. The contract provided, in substance, that defendants retained title to the furniture until the purchase price was paid and that, upon default in any payment for 10 days, they could take immediate possession of the furniture and retain all payments thereon as their liquidated damages for nonperformance.

Royal Reaume, the son of said Charles Reaume and brother of Delia Reaume, owned the rooming-house property, and on the same date, April 15, 1940, he leased it to plaintiffs for three years at $150 a month. They paid the monthly instalments to defendants and the monthly rental to Royal Reaume until about February, 1941, when trouble arose between them. It appears that plaintiffs had certain electric wiring in the rooming house repaired at a cost of $105 and deducted that amount from their February rent. The lessor, Royal Reaume, denied their right to make such deduction and began a possessory action before a circuit court commissioner to evict them for nonpayment of rent. 3 Comp. Laws 1929, § 14975 et seq. (Stat. Ann. § 27.1986 et seq.). On March 7, 1941, the commissioner entered a judgment of restitution and determined that plaintiffs owed $150 as rent for February. They did not pay said rent and did not appeal from the judgment within the five-day period allowed for appeal. About March 14th a writ of restitution was issued and plaintiffs and their furniture were evicted from the

rooming house. Plaintiffs defaulted in making their monthly payments under the contract, and defendants took possession of the furniture.

A few days after their eviction, plaintiffs began a chancery action against Royal Reaume and defendants Charles and Delia Reaume to set aside the judgment of restitution and for a determination of their damages. On motion of Royal Reaume the suit was dismissed as to him, but the record does not show the ground for such dismissal. Subsequent to beginning such suit, plaintiffs, who were defendants in the possessory action, petitioned the circuit court for leave to take a delayed appeal from the judgment of restitution entered March 7th. An order was entered granting them leave to take a delayed appeal, but on review we issued writ of mandamus directing vacation of such order. *Reaume* v. *Wayne Circuit Judge,* 299 Mich. 305. After our decision in the possessory action, the present case was brought on for trial and, with the court's approval, was transferred to the law side of the court.

In their declaration, filed in lieu of the bill of complaint, plaintiffs set forth the facts relative to their purchase of the furniture from defendants and their lease of the rooming house from Royal Reaume, and relative to the judgment of restitution in the possessory action. They alleged that, immediately following the entry of said judgment of restitution, the parties and their attorneys began negotiations for settlement of their disputes and differences; that plaintiffs offered to pay Royal Reaume the rent determined by the commissioner to be due and to pay the instalment due on the furniture contract; that Delia Reaume, acting for herself and as agent for her father and brother, promised not to evict plaintiffs or have writ of restitution issued while the negotiations for settlement were in progress; and that,

in reliance upon such promise, they did not pay the February rent or take an appeal from the judgment of restitution. Plaintiffs charged that defendant Delia Reaume violated her promise not to evict them while negotiations for settlement were pending, and further, that she made such promise in bad faith, without intention of performance, and as part of a conspiracy to defraud and deprive them of their lease and furniture. Plaintiffs further alleged that they had paid defendants a total of $2,050 under their contract for the purchase of the furniture and that without the lease the furniture had little value. They claimed that, in connection with their negotiations for settlement and with the approval of defendant Delia Reaume, they had arranged for the sale of the furniture and rooming-house business, but that such sale was not completed before they were evicted. They claimed damages of $2,050. Defendants answered, denying the charge of fraud and that plaintiffs were entitled to damages.

It appears that practically all of the dealings were between plaintiff George Howard and defendant Delia Reaume. Howard testified, in substance, that plaintiffs did not pay the February rent and did not appeal from the judgment of restitution within the five-day period, because of Delia Reaume's agreement not to evict them while negotiations for settlement were pending. He testified regarding an interview with said Delia Reaume and her attorney, immediately following the entry of such judgment, as follows:

"There was some discussion at that time concerning the sale of this property (furniture) to a third person. * * *

"*The Court:* Did you have any conversation with Miss Reaume regarding that deal?

"*A.* Yes, I did. * * *

"There was a discussion of the sale of the property, and that I was not to be evicted until the property was disposed of.  *  *  *

"That was the sum and substance of .it, we discussed the question of selling, and I was supposed not to be evicted as long as there was a sale pending. *  *  *

"Q.  *  *  * Do you recall whether Mr. Fineberg (defendants' attorney) made any statement at that time?

"A. Only one statement I can remember. He said that his client had no notion, or something to that effect, to evict me at all from the premises."

Plaintiffs' attorney, who was also present at such interview, testified in part:

"After the disposition of the cause, the four of us retired slowly from the court room, and in the corridor we discussed the effects of this case.  *  *  *

"Mr. Howard had given me the $150. I told Miss Reaume I would pay the money, I would sell back to her, or we would obtain a purchaser for the property to avoid future relationship between Mr. Howard and herself.  *  *  *

"Q.  *  *  * Did you have any further conversation with Miss Reaume or Mr. Fineberg, her attorney, who was there at that time?  *  *  *

"A.  *  *  * Mr. Fineberg and I, in conjunction with Miss Reaume, who was present, discussed this case. I asked Mr. Fineberg if he wanted us to pay the money.  *  *  *

"Mr. Fineberg said, 'We don't want the property, we will not evict you until you have an opportunity to pay this judgment.'  *  *  *

"My conversation with Miss Reaume was to the effect that we had someone to take the place over and let Mr. Howard out.  *  *  *

"Q.  *  *  * Did you have any further talk with Mr. Fineberg after March 7th?  *  *  *

"*A.* If I recall, I met Mr. Fineberg going over to the county building, at which time I asked him if he wanted the money. * * *

"That was during the five-day period. * * *

"He reassured me that there would be no attempt to dispossess Mr. Howard.

"*Q.* He told you the second time there would be no attempt to dispossess him?

"*A.* That is right."

Defendant Delia Reaume and her attorney denied, in effect, that they had agreed to withhold issuance of the writ of restitution. There was testimony indicating that plaintiffs had negotiated for a sale of the furniture and rooming-house business at a price of $2,500, but were prevented from completing such sale by their eviction.

The trial court reserved decision on defendants' motion for a directed verdict and submitted the case to the jury, which returned a verdict of $1,500. Defendants' motions for judgment notwithstanding the verdict and for a new trial were denied, and they appeal.

It should be noted that the question of fraud involved in the present case was not before us in *Reaume* v. *Wayne Circuit Judge, supra.* The only question involved in that case related to the Howards' right to take a delayed appeal from the judgment of restitution.

Plaintiffs base their claim for damages on the alleged fraud of defendants. It is elementary that fraud will not be presumed but must be established by a preponderance of evidence.

"Fraud is never presumed, and cannot be lightly inferred. The burden of proving it is upon plaintiff." *Hilliker* v. *Jewel Oil & Gas Co.,* 277 Mich. 96, 102.

"Fraud cannot be presumed, but must be established by a preponderance of evidence; and where two witnesses affirm, and two others, no more interested in the subject matter, and for all that appears fully as creditable, deny, the fraud, it is not proved." *Allison* v. *Ward,* 63 Mich. 128, 138.

See, also, *Mesh* v. *Citrin,* 299 Mich. 527, 533; *Zimmerman* v. *Feldman,* 217 Mich. 390.

In the present case it is clear that even though Delia Reaume may have violated her promise not to have plaintiffs evicted, such violation would not necessarily constitute fraud. In the case of *Boston Piano & Music Co.* v. *Pontiac Clothing Co.,* 199 Mich. 141, 147, we said:

"Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud. *Hubbard* v. *Long,* 105 Mich. 442; *Macklem* v. *Fales,* 130 Mich. 66. * * * 12 R. C. L. p. 254, lays down the rule in the following language:

" 'Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such nonperformance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made. The failure to make it good is merely a breach of contract, which must be enforced by an action on the contract, if at all.' "

See, also, *Leib* v. *Bostwick,* 256 Mich. 277.

Plaintiffs further contend that Delia Reaume's alleged promise not to evict them was made in bad faith, without intention of performance, and as part of a conspiracy to defraud them of their lease and furniture. However, plaintiffs presented no testimony establishing, or from which it could reasonably be inferred, that such promise was made without intention of performance and as a fraudulent representation. The mere fact that writ of restitution was taken out immediately upon expiration of the five-day appeal period does not establish fraudulent intent on the part of defendants. In the case of *Leib* v. *Bostwick, supra,* we said:

"The fraud claimed by the plaintiff is, that when the defendant made these promises to pay, he did not intend to keep them and concealed his intention from the vendors. *The defendant denies that he made any such promises, but, assuming that he did, there is no evidence they were accompanied by a fraudulent intent. The nonperformance of a promise is not fraud nor is it any evidence of fraud.*"

The evidence in the present case does not bring it within the exception to the above rule, as enunciated in *J. B. Colt Co.* v. *Cousino,* 226 Mich. 518, and *Van Dellen* v. *Van Dellen,* 259 Mich. 275.

We find no evidence establishing the alleged conspiracy between defendants and Royal Reaume, who is not a party to this case, to defraud plaintiffs. The mere fact that Delia Reaume may also have acted as agent for her father and brother is no proof of such conspiracy. There was no showing that illegal steps were taken in evicting plaintiffs or in repossessing the furniture.

Plaintiffs could have protected their interests by obtaining a written stipulation or agreement that they would not be evicted while negotiations for

settlement were pending. The testimony indicates that instead of properly protecting their interests, plaintiffs preferred to rely upon the oral negotiations for settlement. In *Anderson* v. *Wartenberg*, 196 Mich. 529, 539, we said:

"That the defendant chose to rely upon what he considered to be negotiations for an adjustment with plaintiff's attorneys, rather than to protect his rights through an appearance and defense in the case or an appeal within five days after judgment, is unfortunate, but in our opinion insufficient, under the authorities cited, to warrant granting a delayed appeal."

We conclude that plaintiffs failed to establish the alleged fraud on the part of defendants. The testimony presented no question of fraud for jury determination. Defendants' motion for a directed verdict, or their motion for judgment notwithstanding the verdict, should have been granted. In view of our conclusion, other questions presented do not require consideration.

The judgment is reversed, without a new trial. Defendants may recover costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.