KIRK *v.* VACCARO.

1. FRAUD—EVIDENCE.
   Fraud cannot be presumed, but must be established by a preponderance of the evidence.

2. SAME—PROMISE TO DO SOMETHING IN THE FUTURE—CONTRACTS.
   Statements that one promises to do a particular thing in the future are not misrepresentations upon which an action for fraud may be based as they are contractual in nature.

3. SAME—FAILURE TO PERFORM A PROMISE.
   The failure to do an act which is promised is merely a breach of contract, enforceable by an action on the contract, if at all, since at the time of making the promise, the representation

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Fraud and Deceit §§ 255, 256, 278.
[2-4] 23 Am Jur, Fraud and Deceit §§ 35, 38.
[2-4] Promises and statements as to future events as fraud.  51 ALR
      46; 68 ALR 635; 91 ALR 1295; 125 ALR 879.
[5] 23 Am Jur, Fraud and Deceit § 111.
[6] 8 Am Jur, Brokers § 142.

that something would be done in the future could not from its nature be true or false at time made.

4. SAME—REPRESENTATIONS AS TO PAST OR EXISTING EVENTS.
   A representation upon which an action for fraud is maintainable must relate to past or existing facts and cannot consist of mere broken promises, unfulfilled predictions, or erroneous conjectures as to future events.

5. SAME—FALSE REPRESENTATION OF MATERIAL FACT.
   A false representation must amount to a misrepresentation of a material past or existing fact, knowingly made with the intent that the opposite party shall act upon it in order to constitute a valid defense to action upon contract which defendants claimed was procured by fraud.

6. BROKERS—COMMISSIONS—FRAUD—EVIDENCE—PLEADING.
   It was not error for trial court to refuse evidence in real-estate broker's action for commission that plaintiff promised to contact brokers in certain other States and would advertise the sale of defendants' farm in the absence of allegation that there was any intention of plaintiff not to perform such alleged representations at the time they were made.

Appeal from Shiawassee; Carland (Michael), J. Submitted December 12, 1955. (Docket No. 94, Calendar No. 46,664.) Decided December 28, 1955.

Assumpsit by James E. Kirk, doing business as James E. Kirk Company, against Lucas Vaccaro and Alice Vaccaro for real-estate dealer's commission. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*James M. Teahen, Jr.,* for plaintiff.

*Joseph & Joseph* and *Lewis D. Benson,* for defendants.

SHARPE, J. Prior to October 7, 1953, defendants were the owners of an approximately 400-acre farm in Vernon and Shiawassee townships, Shiawassee county, Michigan, upon which they resided. On the

above date they entered into a sales agreement with plaintiff, a copy of which reads as follows:

"ADams 5166

"JAMES E. KIRK CO. Realtors

_____

"Management—Sales—Leases—Insurance
"318 MICHIGAN ST., TOLEDO 2, OHIO

"By and between Lucas A. Vaccaro and Alice O. Vaccaro, husband and wife, owners and James E. Kirk Company.

"Entered into this 7th day of October, 1953, at the below described subject property.

"In consideration of your agreement to use your efforts to find a purchaser for our property, we hereby grant you the exclusive right for a period from October 7, 1953, to July 1, 1954, to sell property described as follows:

"Approximately 400 acres in sections 6 and 1 in Vernon and Shiawassee townships, Shiawassee county, in the State of Michigan, for the sum of $145,000 for the entire property, including all chattels. It is agreed that this price is subject to a revision of the inventory of the chattels at time of sale, or upon any other price, terms or exchange to which we consent. Said inventory list attached hereto.

"If you are successful in find(ing) a purchaser for our property during the term of your exclusive agency, or if the same is sold by us or any other person during the term of your exclusive agency, or if the property is sold after the expiration of your agency to any person or persons to whom you have quoted the same for sale during the time of your exclusive agency, we agree to pay you a selling commission of 7-1/2% on any agreed selling price, but in the event the property is sold by James E. Kirk without the services of another broker, the commission will be 5%. In the event of such sale, we will execute and deliver to said purchaser a deed or other

instrument of sale for said property with full covenants of warranty.

"(You agree in the event C. D. Knechtel sells said property you will accept a commission of 2%.   We reserve the (A.O.V.) right to sell all the chattels now on the (L.A.V.) land without commission to you.)          (JEK)

"Accepted JAMES E. KIRK Co.
Per JAMES E. KIRK

> "LUCAS A. VACCARO
> "Lucas A. Vaccaro
> "ALICE O. VACCARO
> "Alice O. Vaccaro"

Plaintiff is a licensed real-estate broker in Ohio and Michigan, having principal offices in Toledo, Ohio.  Plaintiff had advertised the defendants' farm in a publication to which he refers as the "Wall Street Journal of Commerce" and a German language newspaper printed in Milwaukee, Wisconsin. Plaintiff had shown the farm to a prospect and had made several trips to the farm.  During the period in which the listing was in effect, the defendants sold their farm through another real-estate broker for $80,000 and refused to pay plaintiff a commission in accordance with the contract.

On March 10, 1954, plaintiff began an action to recover its commission by filing a declaration in the circuit court of Shiawassee county.  On March 23, 1954, defendants filed an answer to plaintiff's declaration in which they allege:

"Answering paragraph 4 they admit that an agreement was signed but that the same was not of the free act and deed of the defendants herein, and further state that said agreement was induced by the plaintiff through his acts whereby he furnished to the defendants herein intoxicating liquor, and while the defendants were under the influence of intoxicating liquor he presented to them certain papers which he requested that they sign, and they

admit that they did sign an agreement but that upon closely examining said agreement it clearly appears that said agreement is ambiguous, and further, they say that said agreement is void and of no force and effect for the reason that the same was induced by the plaintiff by placing the defendants under the influence of intoxicating liquor so that they were not possessed of their faculties at the time the said agreement was signed."

On October 1, 1954, defendants filed an amended answer in which they allege:

"That the plaintiff, prior to the signing of the exhibit which is attached to their declaration, represented to the defendants herein that he was a licensed real-estate broker, authorized to sell real estate in the States of Michigan, Ohio, Indiana, Illinois and Wisconsin, and further that he would actively contact all of the brokers within the said area, listing the property that defendants owned for sale, and further that he would actively advertise continuously the sale of said property during his entire listing within the said area, and the defendants relying upon plaintiff's representations, and believing them to be true, were induced by said representations to sign the agreement that it [is?] attached to plaintiff's declaration; that the defendants have now discovered that his said representations were untrue and false; that plaintiff represented to the defendants that he would obtain for them the sum of $90,000 for the sale of their farm, plus the further sum of $55,000 for the sale of their stock and equipment; that defendants are now informed and believe and charge it to be the truth that it was impossible to obtain the said sum of $90,000 for the sale of their farm and that, in fact, the said farm was sold at a later date by another broker, who was paid 5% for the full sum of $80,000."

The cause came on for trial a few days after defendants' amended answer was filed. During the

trial plaintiff's attorney made a motion to strike the amended answer. The trial court made the following ruling:

"In connection with the motion which has just been made as to the additional special defense which was filed in this court on October 1, 1954, wherein the defense is claiming on the ground of certain false representations made prior to the entering into of the contract, which induced the defendants to enter and agree to the same, the court is of the opinion that as to the representations that the plaintiff was a licensed real-estate broker authorized to sell real estate in Michigan, Ohio, Illinois and Wisconsin, that matter may stand, but as to those further allegations which are promissory in nature, wherein the broker is alleged to have promised to do certain things, it is the opinion of the court that they being promissory in nature, cannot be a basis for fraud, and the court will not permit evidence to be introduced in regard to those points. * * *

"So your position may be preserved on the record, Mr. Joseph, let the record show that I am at this time refusing to permit any evidence to be introduced as to allegations in the amended answer filed October 1, 1954, which are promissory in nature, something to be done in the future, because it is the opinion of the court that such promises cannot be grounds for defense of fraud."

The agreed statement of facts shows:

"The jury rendered a verdict in favor of the plaintiff, and against the defendants, in the sum of $2,-000."

Defendants appeal and urge that the trial court was in error in refusing to permit evidence as to allegations promissory in nature.

We need cite no authority to establish the rule that fraud cannot be presumed, but must be established by a preponderance of the evidence. It is also a

general rule that statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud, see *Boston Piano & Music Co.* v. *Pontiac Clothing Co.,* 199 Mich 141, 147, 148. In the above case we cited with approval from 12 RCL, Fraud and Deceit, § 21, pp 254, 255, the following:

" 'Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such nonperformance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made. The failure to make it good is merely a breach of contract, which must be enforced by an action on the contract, if at all.' "

See, also, *Howard* v. *Reaume,* 310 Mich 119; and *Broaden* v. *Doncea,* 340 Mich 564.

We enunciated the same doctrine in *Roy Annett, Inc.,* v. *Kerezsy,* 336 Mich 169. This case involved the obtaining of options by a real-estate broker, and the optionees alleged that certain false representations were made by the broker in obtaining the options. We there said (pp 172, 173):

"Those statements, according to the record, made reference to what would happen to the property in the future. It is a generally accepted rule that 'in order that there be actionable fraud, the representa-

tion must relate to a matter of fact. Further, it must, ordinarily, relate to a past or existing fact, or an alleged past or existing fact, and not to the future, or future events or occurrences.' 37 CJS, p 222.

" 'An actionable representation must relate to past or existing facts and cannot consist of mere broken promises, unfulfilled predictions, or erroneous conjectures as to future events.' 26 CJ, p 1087, as quoted with approval in *Mieske* v. *Harmony Electric Co.*, 278 Mich 61, 66.

" 'The general rule, which is supported by numerous decisions in almost all American and British jurisdictions, is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on representations or statements which involve mere matters of futurity or things to be done or performed in the future.' 23 Am Jur, p 794."

It should be noted that defendants' answer admits an agreement was signed as stated in plaintiff's declaration, but that said agreement was brought about while defendants were under the influence of intoxicating liquors. In the amended answer filed by defendants it is alleged that plaintiff informed defendants that he was a licensed real-estate broker and authorized to sell real estate in Michigan, Ohio, Indiana, Illinois, and Wisconsin.

The trial court charged the jury:

"I further charge you, members of the jury, that in order for a false representation to constitute a valid defense, that it must amount to a misrepresentation of a material past or existing fact, knowingly made with the intent that the opposite party shall act upon it, and in this connection, I charge you that if it has been proven in this case that the plaintiff was licensed to sell real estate in Michigan, the fact that he was not so licensed in other States would not prevent him from advertising in other States or seeking buyers in other States for the sale of land located in Michigan. It must appear that the

opposite party, the defendants in this case, had no knowledge of the falsity of the representation, and that they relied upon its truth, and thereby took the action which they did take."

We also note that the pleading filed in this case by defendants fails to allege that there was any intention on the part of plaintiff not to perform at the time the alleged representations were made. We also note that the result of the jury's deliberations shows that they did not believe defendants' allegations.

The other allegations in defendants' answer allege that plaintiff promised to contact brokers within the States above mentioned and that he would advertise the sale of the property. Such statements, if true, relate to future events and under the rules and authority, above cited, cannot be made the basis of fraud. The trial court was not in error in refusing this evidence to be presented to the jury.

The judgment is affirmed, with costs to plaintiff..

CARR, C.J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.